**Delores J. COOK, Plaintiff–Appellant,**

**v.**

**ROCKY MOUNTAIN BANK NOTE COMPANY, a Colorado corporation, and Romo Corp., a Colorado corporation, Defendants–Appellees.**

**No. 91–1418.**

United States Court of Appeals,
Tenth Circuit.

Sept. 3, 1992.

A.A. Lee Hegner, Denver, Colo., for plaintiff-appellant.

Raymond M. Deeny and N. Dawn Webber, of Sherman & Howard, Colorado Springs, Colo., for defendants-appellees.

Before MOORE, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Appellant Delores Cook appeals from a district court order dismissing her third claim for relief. Appellees contend that we lack jurisdiction to hear this appeal. We agree and dismiss the appeal for lack of jurisdiction.[1]

BACKGROUND

On August 21, 1991, Cook filed an action in the District Court for the City and County of Denver, Colorado in which she alleged three claims for relief against appellees. On August 29, 1991, appellees removed the action to the United States District Court for the District of Colorado. On September 16, 1991, appellees filed a motion to dismiss Cook's third claim for relief, which alleged that appellees' actions in relation to appellant's employment constituted "outrageous conduct." Holding that appellant's outrageous conduct claim is preempted by the Age Discrimination in Employ-

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

ment Act, 29 U.S.C. §§ 621–634, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the district court granted appellees' motion and dismissed Cook's third claim for relief with prejudice.

On December 2, 1991, the district court rejected Cook's motion for reconsideration, and Cook filed a notice of appeal. This court then required Cook to show cause why her appeal should not be dismissed because there was not a Fed.R.Civ.P. 54(b) certification from the district court. On December 27, 1991, Cook requested that the district court grant a Rule 54(b) certification. The district court denied the request. Cook subsequently asked the district court to dismiss her first and second claims for relief without prejudice. The district court granted this request on January 15, 1992.

## DISCUSSION

Cook contends that we have jurisdiction over this appeal under 28 U.S.C. § 1291 because her third claim for relief was dismissed with prejudice and because her remaining claims are no longer before the district court. She asserts that her third claim for relief is now appealable under § 1291. In resolving this contention, we are guided by the Fifth Circuit's decision in *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298 (5th Cir.1978). In *Ryan*, the district court dismissed a number of claims in the plaintiff's complaint for failure to state a claim. The plaintiff wished to appeal immediately the dismissal of these claims and sought a certification order from the district court pursuant to Rule 54(b). At first, the district court granted the certification order, but subsequently vacated the certification order and granted the plaintiff's motion for a voluntary dismissal of the remaining substantive claims without prejudice. The plaintiff then appealed the claims that had been dismissed with prejudice. *Id.* at 300.

In deciding that it lacked jurisdiction over the appeal, the Fifth Circuit held that the two different orders dismissing the appeal did not amount to a final order because they did not resolve the plaintiff's claims on the merits. *Id.* at 301. The court also found that it did not have jurisdiction because the district court retained jurisdiction over some nonsubstantive allegations in the complaint. *Id.* at 302. Finally, the court stated that "[i]f the district court did not think certification appropriate, it could not properly arrive at the same result through the device of allowing a voluntary dismissal." *Id.* at 302–03.

We agree with the reasoning of the Fifth Circuit. A plaintiff cannot be allowed to undermine the requirements of Rule 54(b) by seeking voluntarily dismissal of her remaining claims and then appealing the claim that was dismissed with prejudice. Here, Cook has attempted to subvert the requirements of Rule 54(b) by voluntarily dismissing her first and second claims when the district court would not grant certification on her third claim for relief. Under 28 U.S.C. § 1291, we have jurisdiction only over final orders of the district court. Although the district court no longer has jurisdiction over any part of this action, we cannot conclude that its two orders render Cook's action final for purposes of appeal. Because her first two claims for relief were dismissed without prejudice, she remains free to file another complaint raising those same claims. In summary, when a plaintiff voluntarily requests dismissal of her remaining claims without prejudice in order to appeal from an order that dismisses another claim with prejudice, we conclude that the order is not "final" for purposes of § 1291. Therefore, this appeal is DISMISSED. The mandate shall issue forthwith.