982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jan E. JURASEK, Plaintiff-Appellant,
v.
UTAH STATE HOSPITAL; Adam Ozuna, Psych. Tech.; Joe Couey,
Recreational Therapist, Defendants-Appellees.
 No. 92-4065.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jan E. Jurasek brought a 42 U.S.C. § 1983 civil rights action against the Utah State Hospital and two employees of the hospital, Adam Ozuna and Joe Couey, seeking damages for alleged forcible medication and assault, and an order restraining the defendants from committing such acts in the future.
 
 
 3
 On October 28, 1991, the district court, adopting a report and recommendation of the magistrate judge, issued an order addressing Jurasek's complaint as follows: the complaint against the Utah State Hospital was dismissed pursuant to 28 U.S.C. § 1915(d) because the hospital was protected by Eleventh Amendment immunity. The forcible medication claim was also dismissed because "there is no allegation of deficiency in the involuntary medication procedure." Report of October 1, 1991 (R.Vol. I Tab 3). However, the court allowed Jurasek to "file an amended complaint as to his claims for assault committed by defendants Ozuna and Couey." Order of October 28, 1991 (R.Vol. I Tab 5).
 
 
 4
 Subsequently, Jurasek filed a document in the action in which he "move[d] for discharge from the Utah State Hospital." R.Vol. I Tab 8 at 13. The magistrate judge issued a second report recommending that the motion for release be denied since it sought relief cognizable only by petition for a writ of habeas corpus. On March 30, 1992, the district court adopted the magistrate judge's recommendation and denied Jurasek's motion for release.
 
 
 5
 Jurasek now appeals from the two orders of the district court described above. We conclude that we lack jurisdiction to entertain the appeal because the orders in question are interlocutory. While the district court dismissed the Utah State Hospital as a defendant and denied Jurasek's "motion for release," it granted Jurasek leave to amend his complaint against Ozuna and Couey. Thus, the action is still ongoing before the district court. See Cook v. Rocky Mountain Bank Note Co., 974 F.2d 147, 148 (10th Cir.1992); Landmark Land Co. of Oklahoma v. Buchanan, 874 F.2d 717, 720 (10th Cir.1989); Thompson v. Dereta, 709 F.2d 1343, 1344 (10th Cir.1983). Furthermore, "a judgment which 'adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties' is subject to revision and, therefore, is not final in the absence of a determination that 'there is no just reason for delay and upon an express direction for entry of judgment.' " Bristol v. Fibreboard Corp., 789 F.2d 846, 848 (10th Cir.1986) (quoting Fed.R.Civ.P. 54(b)).
 
 
 6
 Subject to exceptions not applicable here,[1] we have jurisdiction to review only "final decisions." 28 U.S.C. § 1291; see Cook, 974 F.2d at 148. As explained, the orders in question are not final decisions. Accordingly, the appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 To the extent that jurisdiction may arguably lie under 28 U.S.C. § 1292(a)(1), with respect to the motion for release, we hold, alternatively, that the district court correctly concluded that Jurasek must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after exhausting his claim in the state courts, in order to raise the issue of release from the hospital. Preiser v. Rodriguez, 411 U.S. 475 (1973); Hartmann v. Scott, 488 F.2d 1215, 1222 (8th Cir.1973)