Timothy J. PERKINS; Tonnah R. Perkins; Tommy Perkins, by and through his mother and next friend, Tonnah R. Perkins; Travis Perkins, by and through his mother and next friend, Tonnah R. Perkins, Plaintiffs–Appellants,

v.

CHRIS HUNT WATER HAULING CONTRACTOR, INC., an Oklahoma corporation; Steven M. Rucker, individually; Stokes & Spiehler Offshore, Inc., a Louisiana Corporation, Defendants–Appellees,

and

Stokes & Spiehler, Inc., a Louisiana corporation; Stokes & Spiehler USA, Inc., a Louisiana corporation; Tiger Drilling, Inc., an Oklahoma corporation; Valence Operating Company, a Texas corporation, Defendants.

No. 01–6129.

United States Court of Appeals, Tenth Circuit.

July 29, 2002.

Before HENRY, ANDERSON, and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT *

STEPHEN H. ANDERSON, Circuit Judge.

*Introduction*

In this diversity-based suit, plaintiffs sought damages from defendants for injuries resulting from the collision of plaintiffs' minivan into the back of a truck driven by an employee of defendant Chris Hunt Water Hauling Contractor, Inc. (Hunt). Plaintiffs alleged negligence on the part of both the driver of the truck and defendant Rucker. The remaining defendants were alleged to be Rucker's employers and/or principals. Plaintiffs voluntarily moved to dismiss Tiger Drilling and Valence Operating Co.; and, later, Stokes & Spiehler USA Inc. and Stokes & Spiehler, Inc. The district court granted these motions and those dismissals are not challenged on appeal.[1] However, they do raise an important jurisdictional issue.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

*Jurisdiction*

In *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147 (10th Cir.1992), we dismissed an appeal for lack of jurisdiction because we concluded that a district court's order determining some of the plaintiff's claims on the merits was not a final, appealable order where the remaining claims were subsequently voluntarily dismissed without prejudice. *See id.* at 148 (citing *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298 (5th Cir.1978)). Of concern in this case are plaintiffs' motions to voluntarily dismiss some defendants and the district court's order expressly dismissing defendants Stokes & Spiehler USA, Inc. and Stokes & Spiehler, Inc. without prejudice, resulting in the possibility that plaintiffs could renew claims against them. In similar circumstances, we have previously held that the district court's dispositive orders were not final in light of the still viable claims, and required the parties to seek a certification in accord with Fed.R.Civ.P. 54(b). *See Heimann v. Snead*, 133 F.3d 767, 769–70 (10th Cir. 1998). We asked the parties for supplemental briefs to address our jurisdiction over this appeal. *See Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1499 (10th Cir.1994) (noting as "well settled" this court's independent duty to examine its own jurisdiction).

■ After consideration of the parties' briefs, we hold that the district court's dispositive rulings are final and appealable, for two reasons. First, plaintiffs' two motions to voluntarily dismiss certain defendants were made only one and two months after they filed their amended complaint and over nine months before the district court's summary judgment rulings. *Cf. Hennigh v. City of Shawnee*, 155 F.3d 1249, 1252 (10th Cir.1998) (noting dismissal of claims *following* district court's summary judgment ruling); *Schoenfeld v. Bab-*

*bitt*, 168 F.3d 1257, 1266 (11th Cir.1999) (stating that, because dismissal of claim without prejudice occurred before final dispositive rulings, "[t]here was simply no reason for the district court to even consider including the alternative certification required by Rule 54(b)").

Second, as plaintiff concedes, any claims against defendants Stokes & Spiehler USA, Inc. and Stokes & Spiehler, Inc. were based solely on vicarious liability as purported employers of defendant Rucker. Plaintiff requested their dismissal only after defendant Stokes & Spiehler Offshore, Inc. demonstrated sufficient evidence of insurance coverage. *See* Aplt. Suppl. Br. at 2, 4. We cannot conclude that plaintiffs in this case were acting to "subvert the requirements of Rule 54(b) by voluntarily dismissing [ ] claims" in order to create appellate jurisdiction. *Cook*, 974 F.2d at 148. Satisfied that we have jurisdiction in this case, we proceed to the merits of the appeal.

*Partial Summary Judgment for Defendant Hunt*

Hunt moved for partial summary judgment, seeking only a legal ruling that this case is governed by Kansas law. Plaintiffs filed a cross-motion, agreeing to the application of Kansas law to issues of liability and negligence, but asserting that Oklahoma law should govern issues of comparative negligence and the measure of damages. The district court ruled in favor of Hunt on these cross-motions. *See* Aplt. App., Vol. II, at 284.

On appeal, plaintiffs argue that the district court should have considered "depecage," or the application of the law of different states to different issues. In support of their argument that Oklahoma's comparative negligence and damages law should apply here, plaintiffs assert that they are "just barely" residents of Kansas because their home is near the Oklahoma

border and because their daily lives are "as related to Oklahoma as [they are] to Kansas." Aplt. Br. at 25. They also emphasize the defendants' ties with Oklahoma. Plaintiffs argue that but for their business dealings in Oklahoma, the collision would not have happened, and conclude that "it was nothing more than fortuitous that the wreck occurred in Kansas instead of Oklahoma." *Id.* at 26. They point to Oklahoma's comparative negligence law as a public policy which should be considered in this choice-of-law determination.

We review the district court's choice-of-law ruling *de novo*. *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1544 (10th Cir. 1996). We look to Oklahoma's choice-of-law rules because it is the forum jurisdiction. *See BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir.1999). As Hunt notes, Oklahoma has not ruled on or adopted the use of depecage. And we disagree with plaintiffs' contention that Oklahoma case law demonstrates approval of its use. Oklahoma law requires us to apply the tort law of the state with the most significant relationship to the occurrence and the parties. *See id.* Oklahoma has adopted the significant relationship test from the Restatement (Second) of Conflict of Laws, *see Brickner v. Gooden*, 525 P.2d 632, 634–35, 637 (Okla. 1974), using the following factors to guide its determination:

(1) the place where the injury occurred,

(2) the place where the conduct causing the injury occurred,

(3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(4) the place where the relationship, if any, between the parties occurred.

*Id.* at 637. Contrary to plaintiffs' argument, the place where the collision occurred is not merely "fortuitous." It is an important element which, in this case, is to be considered in both of the first two factors of the applicable test. As did the district court, we conclude that Kansas is the state with the most significant relationship to the parties and the collision, and that Kansas law is properly applied to all issues and parties in this case.

*Summary Judgment for Defendants Rucker and Stokes & Spiehler Offshore, Inc.*

Plaintiffs' suit contended negligence not only by both the driver of the truck their vehicle struck,[2] but also by defendant Rucker. They alleged that Rucker had stopped his truck on the highway, facing east, alongside Hunt's truck, that the two vehicles were blocking the highway at the time of the collision, and that such conduct on Rucker's part was negligent and a contributory cause of the accident. Stokes & Spiehler Offshore (Stokes) was named as Rucker's employer. Rucker and Stokes moved for summary judgment. While admitting that he had been stopped on the highway for "maybe one minute" to converse with Hunt's driver, *see* Aplt.App. Vol. I, at 195, Rucker testified in deposition that he had pulled away from the highway before the accident occurred. He also stated that he returned to the collision scene to offer his assistance, and had at that time parked his truck—a red Dodge pickup—facing west on the highway.

Rucker and Stokes argued that "there is absolutely no evidence that Mr. Rucker's vehicle was on [the highway] at the time of or immediately before the collision." *Id.*

**2.** The driver, Andrew Worm, settled all claims brought by plaintiffs and therefore is not a party to this action.

at 87. They also pointed to deposition testimony of their expert opining that the accident would still have occurred had Rucker been on another road at the time of the collision and that even had Rucker's truck been on the highway facing eastbound just before the accident, it would have created no more hazard than any other vehicle traveling with its light on heading eastbound on the highway. They argued that, at most, Rucker's presence on the road at any time was a "mere condition," not a cause of the collision. *Id.* at 89.

In response to the summary judgment motion, plaintiffs produced evidence in the form of affidavits from three witnesses. Jesse Aranda stated that "at approximately 7:30 p.m." he struck a head of livestock on the highway. *Id.* at 249 (attachment 9). While stopped there, a red pickup approached and the driver said he was looking for a Hunt water truck. The pickup continued eastbound on the highway and stopped "at approximately the area where the [ ] accident occurred" where a Hunt water truck was also stopped in the highway, facing west. *Id.* Wayne Robertson stated that "at approximately 7:30 p.m." he was at the location where Jesse Aranda had struck a head of livestock and observed essentially the same things mentioned in Aranda's affidavit. *Id.* at 250 (attachment 10). Robertson also noted "it appeared the driver of the [red] pickup had stopped to talk to the driver of the [water] truck." *Id.* Finally, Alan Ellis's affidavit stated that "at approximately 7:30" he came upon the scene of an accident on the highway. *Id.* at 214 (attachment 2). He further stated: "A [water] truck was facing west, stopped in the westbound lane on the highway. A red Dodge pickup was stopped in the eastbound lane of the highway with its headlights facing east. A minivan was behind the [water] truck in the north ditch facing southwest." *Id.*

Plaintiffs also offered the deposition testimony of their expert who stated his opinion "that the truck was either stopped or near stopped in the roadway; that more than likely Mr. Rucker was setting—his pickup was setting facing eastbound." *Id.* at 228. Plaintiffs further noted the opinion of defendants' own expert that the Hunt water truck began accelerating only seven and one-half seconds before the collision. Plaintiffs admitted that there were no eyewitnesses to the collision, but argued that they had presented circumstantial evidence that a truck matching the description of Rucker's red Dodge pickup was stopped facing eastbound at the scene of the accident both before and after the collision. They contended that they had demonstrated facts in controversy such that summary judgment should have been denied.

In reply, Rucker and Stokes continued to argue that plaintiffs had no evidence about the location of Rucker's truck at the time of the collision. They also presented a subsequent affidavit from Alan Ellis which, they argued, demonstrated that he had no knowledge of where Rucker's truck was at the time of the accident or just before. This affidavit, dated one month after Ellis's original affidavit, contradicts the earlier affidavit on two points; Ellis stated that he did not know what the color of the truck was and that he could not testify as to the time he came on the scene. *Id.* at 261. He did not, however, controvert his earlier statement about observing a Dodge pickup truck sitting on the highway facing eastbound.

The district court granted Rucker and Stokes' motion for summary judgment. The court stated that plaintiffs "have failed to offer any evidence that places [Rucker's] pickup [at the scene]. Proof that his

truck was seen before and after the wreck on the highway is not sufficient to contradict the testimony of Worm and Rucker" that Rucker had turned off the highway before the accident occurred. *Id.* at 287. Plaintiffs' subsequent motion to alter or amend the judgment was denied without further analysis. Plaintiffs renewed their summary judgment arguments in their motion for new trial following the jury's verdict for defendant Hunt on their remaining claim. They argued that the district court had improperly weighed the evidence. The court denied doing so, but also commented on testimony by a law enforcement officer that two red pickups had been parked at the scene after the accident.

On appeal, plaintiffs reiterate their position that they had presented evidence sufficient to survive summary judgment for Rucker and Stokes, and further contend that the district court's grant of summary judgment prevented the jury from considering Rucker's negligence, to their prejudice. They seek a new trial. Defendants Rucker and Stokes criticize plaintiffs for inclusion of trial evidence in their summary judgment arguments. We review the district court's summary judgment ruling *de novo,* applying the same standards employed by that court pursuant to Fed. R.Civ.P. 56(c). We may grant summary judgment only where "the pleadings, [and] depositions, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.*

> In making this assessment, the court must review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. The court may not make credibility determinations or weigh the evidence, and must disregard all evidence favorable to

the moving party that the jury is not required to believe.

*Gossett v. Okla. ex rel. Bd. of Regents for Langston Univ.,* 245 F.3d 1172, 1175 (10th Cir.2001).

■ While we agree that plaintiffs should not attempt to bolster their summary judgment arguments with evidence not before the district court on Rucker and Stokes' summary judgment motion, *see Myers v. Okla. County Bd. of County Comm'rs,* 151 F.3d 1313, 1319 (10th Cir. 1998) ("[W]e do not consider materials not before the district court."), we conclude, after careful review of the materials actually before the district court, as summarized above, that the court improperly weighed or disregarded competent evidence in granting summary judgment to Rucker and Stokes. The district court noted that plaintiffs' witnesses had not observed the accident and concluded that their observations shortly before and after the accident "failed to offer any evidence that places [Rucker's] pickup [at the scene]." Aplt.App., Vol. II, at 287. The court ruled that plaintiffs' evidence was insufficient to contradict the testimony of both Rucker and the driver of the Hunt water truck stating that Rucker had pulled off the highway before the accident. As plaintiffs argue, this conclusion essentially requires them to have eyewitness testimony before they could be said to have presented evidence creating a genuine issue of material fact about the location of Rucker's truck. But genuine issues of fact can be demonstrated through circumstantial evidence, even where other evidence strongly supports the moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 261, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The district court cannot decide factual disputes on summary judgment. *Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir. 1991).

We conclude that Alan Ellis's affidavit, placing a truck identical to Rucker's at the scene parked on the highway eastbound with its lights on shortly after the accident, creates a reasonable inference that, contrary to Rucker's testimony, he had not left the scene before the collision occurred. "Where different, ultimate inferences may be drawn from the evidence presented by the parties, the case is not appropriate for summary judgment." *Dayton Hudson Corp. v. Macerich Real Estate Co.,* 812 F.2d 1319, 1322–23 (10th Cir.1987). The opinion testimony from plaintiffs' expert, not mentioned by the district court in its summary judgment ruling, bolsters this inference. *See Delaney v. Deere & Co.,* 219 F.3d 1195, 1196 n. 1 (10th Cir.2000) (rejecting an argument that expert testimony could not be considered on summary judgment). Because Rucker admits to being stopped eastbound on the highway shortly before the collision, plaintiffs need not present evidence on that point.

Our conclusion that the district court impermissibly weighed the evidence before it is further demonstrated by the court's order denying plaintiffs' motion for new trial. There, in rejecting this very argument, the court characterizes Alan Ellis's affidavit as merely a scintilla of evidence. We disagree. Contrary to the court's discussion, a jury could well decide to believe Mr. Ellis's testimony over that of Rucker and Worm and conclude that Rucker's truck was still stopped on the highway at the time of the accident. The court cannot evaluate the credibility of these conflicting witnesses' testimony. *See Seamons v. Snow,* 206 F.3d 1021, 1026 (10th Cir.2000). In this ruling, the district court also noted the testimony from a law enforcement officer to the effect that there were two red pickup trucks parked at the scene after the accident. First, this testimony was not before the court on summary judgment and therefore cannot be used to support that ruling. Second, this comment, in a footnote following the court's repeated conclusion that Alan Ellis's affidavit was "insufficient as a matter of law" on the issue of whether Rucker's truck was stopped on the highway at the time of the collision, apparently implies that Mr. Ellis saw a red truck other than that driven by Rucker. Again, the district court cannot "weigh the evidence and determine the truth of the matter" at this juncture. *Anderson,* 477 U.S. at 249.

We conclude that the district court improperly granted summary judgment to Rucker and Stokes in the face of competent evidence which gave rise to a reasonable inference that created a genuine issue of material fact regarding the location of Rucker's truck at the time of the collision. We also note that Alan Ellis's second affidavit does not somehow erase the existence of this factual dispute. "Contradictions found in a witness' testimony are not, in themselves, sufficient to preclude such testimony." *Ralston v. Smith & Nephew Richards, Inc.,* 275 F.3d 965, 972 (10th Cir.2001) (noting consideration of conflicting affidavits on summary judgment).

On appeal, Rucker and Stokes present a legal theory as an alternative ground for affirmance of the district court's grant of summary judgment. As they argued before the district court, these defendants contend that even if Rucker's truck were still on the highway at the time of the collision, his presence was only a condition, and not a cause of the accident. The district court addressed this argument in a single sentence: "Even if Rucker's pickup was still on [the highway] when the accident occurred, *unless he was stopped on the road,* ... he was proceeding legally and cannot be found negligent." Aplt. App., Vol. II, at 287 (emphasis added). This conclusion is based on the court's conclusion that Rucker's truck was not

stopped on the highway, the very factual issue that we have concluded could not have been decided on summary judgment. Likewise, defendants' arguments on appeal challenging plaintiffs' claims of negligence against Rucker are based on contentions that Rucker's truck was not stopped on the highway so as to obstruct clear passage of plaintiffs' vehicle to the left of the Hunt water truck. This fact has not been established and therefore defendants have not offered a dispositive legal alternative to our remand of this case. The district court's grant of summary judgment to Rucker and Stokes is reversed and this case remanded to the trial court.

*New Trial*

Plaintiffs contend that if the district court summary judgment ruling is reversed and the case remanded, the circumstances here require a new trial. They note that the remaining defendant at trial, Hunt, even requested an additional jury instruction dealing with third party negligence in connection with "the eastbound truck," *i.e.* Rucker. *Id.* at 512. The court denied this request, based on its summary judgment ruling. We have concluded that disputed issues of fact underlie any legal determination of Rucker's alleged negligence, leaving open the possibility that a jury would apportion some negligence to him. "Where reasonable minds may differ, the question of contributory negligence should be submitted to the jury. It follows that under the law of comparative negligence, allocation of each party's proportionate negligence must be a question for the trier of fact." *Scales v. St. Louis–San Francisco Ry. Co.*, 2 Kan.App.2d 491, 582 P.2d 300, 306 (1978); *see also Nold ex rel. Nold v. Binyon*, 31 P.3d 274, 284 (Kan. 2001) (holding judgment as a matter of law is unavailable where potentially liable party's alleged negligence not considered by jury).

Because the district court would not allow the jury to consider Rucker's alleged negligence, we agree that the jury's apportionment of negligence without consideration of Rucker's conduct cannot be remedied piecemeal. *See Greenwood v. McDonough Power Equip., Inc.*, 437 F.Supp. 707, 714 (D.Kan.1977) ("The more defendants, the more likely that there will be a higher total of defendants' negligence against which the plaintiff's negligence will be compared."). On remand, the trial court is directed to grant plaintiffs a new trial against the three remaining defendants, which also requires us to vacate its final judgment for defendant Hunt. In light of this ruling, plaintiffs' final argument on appeal, challenging a jury instruction, need not be addressed.

*Conclusion*

We AFFIRM the judgment of the United States District Court for the Western District of Oklahoma insofar as it ruled that Kansas law applies to the issues and parties herein. We REVERSE the district court's grant of summary judgment to defendants Rucker and Stokes and VACATE the judgment for defendant Hunt following trial. We REMAND this case to the district court with directions to grant plaintiffs a new trial against defendants Rucker, Stokes, and Hunt.