**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GEORGE L. ARCHULETA,

  Plaintiff - Appellant,

v.

ALEX C. McGUINNESS, JR., COLE
FINEGAN, GEORGE BRANTLEY,
CILE CHAVEZ, JAMES FLEMING,
DONA GOSS, IGNACIO MARTINEZ,
MARY ZIMMERER and SANDRA
HOWARD, in their official capacities as
members of the Board of Trustees of the
State Colleges of Colorado; TRUSTEES
OF THE STATE COLLEGES IN
COLORADO; METROPOLITAN
STATE COLLEGE; STEPHEN J.
LEONARD,

  Defendants - Appellees.

No. 02-1116
(D.C. No. 99-WM-1912)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **ARMIJO**, District Judge.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable M. Christina Armijo, District Judge, United States District Court for the District of New Mexico, sitting by designation.

This is a case of alleged employment discrimination.

George L. Archuleta, ("the plaintiff") is a sixty-two year old Hispanic. In August 1992, he was hired by Metropolitan State College ("Metro State") to be a part-time instructor in the history department, and he continued in that capacity until December 1998. During that time, he never taught less than two courses per semester. In January 1996, Metro State announced a vacancy for a full-time tenure track Assistant Professorship in the history department. A search committee composed of eleven faculty members was formed, and the committee reviewed approximately 133 applications for that position, which included an application from the plaintiff. The plaintiff was initially determined to meet the minimum qualifications for that position. However, during the second phase of the review process, none of the search committee members chose plaintiff as among the top 20 applicants, and he was eliminated from further consideration. Upon the conclusion of the selection process, a Dr. Xiansheng Tian, an Asian, was ultimately offered the position, which he accepted. Plaintiff, thereafter, continued to teach at Metro State as a part-time instructor. On March 7, 1997, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging that he was being discriminated against regarding the terms and conditions of his employment at Metro State because of his national origin and age, and further, that he was being retaliated against for engaging in protected activities. In the fall of 1998, Metro State decided to limit the plaintiff to teaching only one course in the spring of 1999. Plaintiff refused to accept this offer and decided to end his teaching at Metro State

upon the completion of the fall semester of 1998, which he did.

On September 30, 1999, the plaintiff filed the present action in the United States District Court for the District of Colorado, alleging generally that he had been discriminated against by the defendants regarding the terms and conditions of his employment at Metro State because of his national origin and age. Named as defendants were the Board of Trustees of State Colleges in Colorado and the individual members thereof in their official capacity ("the Trustees"), Metro State, and Stephen J. Leonard, the chairperson of the Department of History at Metro State, who also served as chairperson of the search committee. The plaintiff set forth the background facts giving rise to the present controversy in considerable detail, and then asserted three claims for relief. In each claim, plaintiff simply alleged that because of the defendants' actions, he had been denied his right to equal employment opportunity, without further elaboration. The first claim was based on 42 U.S.C. §§ 1981 and 1983, the second claim was based on 42 U.S.C. § 2000e, *et seq*., and the third claim was based on 29 U.S.C. § 621, *et seq*.

The defendants filed an answer and still later, after discovery, moved for summary judgment, filing a voluminous brief with attachments in support thereof. The plaintiff thereafter filed an equally voluminous brief in opposition to the defendants' motion for summary judgment. In that brief, the plaintiff conceded "that his age discrimination claim [his third claim] should be dismissed under the recent Supreme Court ruling in *Kimel v. Board of Regents,* ___ U.S. ___ (2000)." In that same brief, plaintiff also agreed that his Title VII claim for intentional discrimination and retaliation

(his second claim) was not brought against Leonard, individually, but was only brought against his employers. Also, still in that same brief, plaintiff conceded that his §§ 1981 and 1983 claims (his first claim) could be brought against only Leonard in his individual capacity, and not against the other defendants.

On August 23, 2001, the district court granted the defendants' motion for summary judgment, in part, and denied it, in part. Specifically, the district court ruled as follows:

* * * * *

2. The plaintiff's First Claim for Relief (pursuant to § 1981 and § 1983) shall be dismissed with prejudice against the defendants with the exception of defendant Leonard in his individual capacity. With respect to defendant Leonard, this claim remains pending pursuant to § 1983 on the issue of whether defendant Leonard (in his individual capacity) retaliated against plaintiff for exercising his free speech rights.
3. The plaintiff's Second Claim for Relief (pursuant to Title VII) shall be dismissed with prejudice against all defendants except for the plaintiff's claim of illegal retaliation in violation of Title VII against the defendant employer ("Trustees of the State Colleges of Colorado").
4. The plaintiff's Third Claim for relief (pursuant to 29 U.S.C. § 621) shall be dismissed with prejudice in accordance with the plaintiff's concession.

* * * * *

On September 12, 2001, Leonard filed a renewed motion for summary judgment on the plaintiffs' claim that under 42 U.S.C. § 1983, Leonard had retaliated against plaintiff for exercising his right of free speech. On January 23, 2002, the district court granted that motion and dismissed with prejudice plaintiff's "free speech retaliation claim." In that same order, the district court stated that "the only remaining claim is plaintiff's Title VII

- 4 -

retaliation claim against the Trustees of the Board of State Colleges of Colorado." On February 4, 2002, the parties filed a joint stipulation that the "only remaining claim," the Title VII retaliation claim against the Trustees, be dismissed without prejudice, each party to bear their own costs and attorney's fees. On February 6, 2002, the district court, pursuant to the stipulation, dismissed without prejudice the "only remaining claim." On March 7, 2002, plaintiff, with new counsel, filed a notice of appeal from the order of February 6, 2002.

Noting that the district court's order of February 6, 2002, dismissing plaintiff's last remaining claim, was "without prejudice," we, on appeal, issued a show cause order to the parties, advising them that because the dismissal order of February 6, 2002, was made "without prejudice," such rendered the judgment "non-final" and precluded an appeal of the other orders of the district court, citing *Heimann v. Snead,* 133 F.3d 767, 769 (10th Cir. 1998) and *Cook v. Rocky Mountain Bank Note Co.,* 974 F.2d 147, 148 (10th Cir. 1992). Accordingly, we directed counsel to obtain a district court order either granting a Fed. R. Civ. P. 54(b) certification or "explicitly adjudicating the remaining claim." On May 30, 2002, the plaintiff, through his newly retained counsel, filed in the district court a motion to dismiss his "remaining claim" with prejudice. On June 7, 2002, the district court granted that motion and dismissed "the remaining claim with prejudice." Under *Lewis v. B. F. Goodrich Co.,* 850 F.2d 641, 645 (10th Cir. 1988), it appears that plaintiff's premature filing on March 7, 2002, of a notice of appeal was "ripen[ed] and sav[ed]" by the district court's order of June 7, 2002, and that the appeal now meets the "finality

requirement" of 28 U.S.C. § 1291.

Plaintiff's third claim in his complaint was based on 29 U.S.C. § 621, *et seq.*, age discrimination. As above stated, plaintiff thereafter conceded that his age discrimination claim should be dismissed, and the district court did so in its order of August 23, 2001. Accordingly, age discrimination is not involved in this appeal.

Further, as already stated, in his brief in opposition to defendants' motion for summary judgment, plaintiff agreed that his second claim based on 42 U.S.C. § 2000e, *et seq.*, i.e., discrimination in not hiring him as a full-time assistant professor and in retaliating against him because he thereafter filed a complaint with the EEOC based on that fact, was not brought against Leonard, but only against his employer, i.e., the Trustees and Metro State. By its order of August 23, 2001, the district court granted summary judgment in favor of the defendants on plaintiff's Title VII claim of discrimination and retaliation against all defendants, except for plaintiff's claim of retaliation against the "Trustees of the State Colleges of Colorado," which was reserved for trial. However, thereafter, in response to our show cause order, the plaintiff asked the district court to dismiss his Title VII retaliation claim against the Trustees with prejudice, and the court did so on June 7, 2002. Hence, it now appears that the plaintiff having elected to have his Title VII retaliation claim against the Trustees dismissed with prejudice by the district court, that particular claim is not involved in the present appeal. At the request of the plaintiff, the district court dismissed that claim with prejudice.

There remains that part of plaintiff's Title VII claim based on discrimination and

retaliation on the part of Metro State. We agree with the district court that there was no genuine issue of a material fact on that particular aspect of the case. Based on the record, we agree with the district court that the plaintiff did not make a sufficient showing that out of 133 applicants, he was best qualified, as he believed he was. Nor could the plaintiff show that the defendants discriminated against him because of his race when they selected someone else for the then vacant, full-time professorship, or that the search committee's belief there were others better qualified than the plaintiff was only a pretext or that Metro State, as well, had somehow retaliated.

Accordingly, all that now remains for consideration is the plaintiff's first claim, based on 42 U.S.C. § 1983, wherein the plaintiff claimed that Leonard, individually, violated his right of "free speech," which claim was ultimately dismissed by the district court in its order of January 23, 2002.[1]

In its order of January 23, 2002, wherein the district court granted Leonard's renewed motion for summary judgment on plaintiff's First Amendment claim, i.e., that Leonard had retaliated against plaintiff for exercising his right of free speech, the district court held that, assuming the other requirements were met, the plaintiff still had not shown that his protected free speech was a substantial or motivating factor on any subsequent

---

[1]Counsel in this court argues that the district court erred in dismissing plaintiff's claim of "constructive discharge." We do not believe that issue was presented to the district court. The phrase "constructive discharge" does not appear in either the complaint or pretrial order. However, the words "discrimination" and "retaliation" do appear.

- 7 -

"detrimental employment decision." *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1976) and *Pickering v. Board of Education of Tp. High School Dist. 205*, *Will County, Illinois*, 391 U.S. 563, 568 (1968). The plaintiff apparently relied on two "free speech" violations: (1) a discussion between plaintiff and Leonard regarding the changing of students' grades, and (2) a dispute occurring in August, 1995, between plaintiff and Leonard concerning the propriety of a speech made by the plaintiff at a City Council meeting regarding the naming, or renaming, of a lake in City Park. Both incidents apparently occurred before March 7, 1997, the date when plaintiff filed his complaint with the EEOC, referred to above. As indicated, the district court concluded that there was an insufficient showing that either matter was a "cause" for any reduction in course-load in the spring of 1997, as claimed by the plaintiff. In this general regard, it would appear that most, if not all, of the "detrimental employment decisions" relied on by the plaintiff were not made by Leonard, acting individually, but rather were made by a faculty committee. Without belaboring the matter, we agree with the district court's handling of this issue.

Judgment affirmed.

ENTERED FOR THE COURT,

Robert H. McWilliams
Senior Circuit Judge