ORDER AND JUDGMENT *
MICHAEL R. MURPHY, Circuit Judge.
I. Introduction
In 2011, Patrick Neil London filed a federal civil rights action against Defendants, alleging they violated his fourth amendment right to be free from unreasonable- searches and seizures. London also raised Oklahoma state tort claims. The district court dismissed the fourth amendment claims pursuant to Fed. R.Civ.P. 12(b)(6), concluding London’s complaint failed to allege facts sufficient to *912 state a claim for relief plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The court also dismissed the state-law claims.
London brought this appeal challenging the district court’s dismissal of his complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment.
II. Factual Background
In 2009, officers Eric Hill and David Faust[1] arrested London on outstanding warrants after pulling him over for failing to come to a complete stop at a stop sign. When officers searched London’s vehicle incident to the arrest, they found illegal drugs. London was incarcerated for 485 days on drug and traffic charges until the state district court ordered his release.
After his release, London filed a complaint in federal district court naming Officer Hill, Officer Faust, Officer Joseph Beaty, and the City of Tulsa, Oklahoma (the “City”) as defendants. He alleged Defendants violated his fourth and fourteenth amendment rights by illegally arresting and searching him. Specifically, he alleged the officers acted intentionally, arbitrarily, and maliciously by seizing him without probable cause. These claims were raised pursuant to 42 U.S.C. § 1983 and were leveled against Hill, Faust, and Beaty in their individual and official capacities. London also raised a § 1983 claim against the City, asserting it had a policy or custom of allowing its police officers to deprive citizens of their constitutional rights. In addition to the federal claims, London asserted state-law negligence claims against all Defendants based, in part, on the same set of facts underlying his § 1983 claims.
The City moved to dismiss all the claims asserted against it and all the claims asserted against the officers in their official capacities, arguing London’s complaint failed to state a claim upon which relief could be granted. The district court granted the motion in full, dismissing all of London’s claims with the exception of those asserted against the officers in their individual capacities.
In its ruling, the court concluded the § 1983 claims asserted against the officers in their official capacities were duplicative of the claims asserted against the City and, thus, should be dismissed.[2] See Kentucky v. Graham, 473 U.S. 159, 165-67, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). The court next addressed London’s § 1983 claim that the City violated his fourth amendment rights by “establishing] a poliey[,] practice, pattern and/or custom of allowing its police officers to deprive citizens of their constitutional rights.”[3] See Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir.2010) (“[Section] 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement *913 (by the defendant-supervisor or her subordinates) of which subjects, or causes to be subjected that plaintiff to the deprivation of any rights secured by the Constitution.” (quotations and alterations omitted)). The district court began its analysis by noting that London’s only support for this claim was a reproduced list of allegations made against several Tulsa police officers in a 2010 criminal indictment. The court ruled those allegations wholly failed to establish the required direct causal link between the purported unconstitutional practices and the harm London allegedly suffered. See Bd. of Cnty. Comm’rs v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (holding a § 1983 plaintiff “must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights”). Accordingly, the court concluded London’s complaint failed to meet the Twombly pleading standard because it! failed to identify the alleged “policy makers” by name, what those individuals knew about the alleged practice of willful blindness to officers’ violations of citizens’ constitutional rights, or how and when the individuals learned of the alleged practice. See Twombly, 550 U.S. at 570, 127 S.Ct. 1955 (holding a plaintiffs complaint must contain “enough facts to state a claim to relief that is plausible on its face”).
The district court next addressed London’s state-law claims. Relying on Oklahoma case law interpreting the Oklahoma Governmental Tort Claims Act (“GTCA”), the court first concluded the City could not be liable for the alleged negligent acts of the individual officers because the tortious conduct described in London’s complaint required bad faith on the part of the officers. Fehring v. State Ins. Fund, 19 P.3d 276, 283 (Okla.2001) (“[Wjhen, for viability, the tort cause of action sued upon requires proof of an element that necessarily excludes good faith conduct on the part of governmental employees, there can be no liability against the governmental entity in a GTCA-based suit.”). London has not appealed this portion of the district court’s ruling. He has, however, appealed the court’s additional ruling that his state-law negligence claims against the City are barred by the discretionary function exception set out in Okla. Stat. tit. 51, § 155. In pertinent part, that statute provides that
[t]he state or a political subdivision shall not be liable if a loss or claim results from:
4. Adoption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provisions, ordinance, resolution, rule, regulation or written policy;
5. Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees ....
Relying on State v. Gurich, 238 P.3d 1, 4 (Okla.2010), the district court concluded London’s claims of negligent establishment of policy, supervision, and training were precluded by these exemptions.
After the district court granted the City’s motion, the only remaining claims were London’s § 1983 claims against officers Hill, Faust, and Beaty in their individual capacities. On March 13, 2013, the claims against Officer Faust were dismissed without prejudice for lack of service and the claims against Officer Hill were voluntarily dismissed without prejudice on London’s oral motion. The district court granted Officer Beaty’s motion for *914 summary judgment as confessed.[4] London then filed his notice of appeal.
III. Discussion
As an initial matter, the' City has challenged the jurisdiction of this court to address London’s appeal, arguing the district court’s judgment is not final because the individual claims against Hill and Faust were dismissed without prejudice. See Jackson v. Volvo Trucks N. Am., Inc., 462 F.3d 1234, 1238 (10th Cir.2006) (“Our general rule is that a party cannot obtain appellate jurisdiction where the district court has dismissed at least one claim without prejudice because the case has not been fully disposed of in the lower court.”); Cook v. Rocky Mountain Bank Note Co., 974 F.2d 147, 148 (10th Cir.1992) (“[W]hen a plaintiff voluntarily requests dismissal of her remaining claims without prejudice in order to appeal from an order that dismisses another claim with prejudice, we conclude that the order is not ‘final’ for purposes of § 1291.”). On March 21, 2014, however, a stipulated notice of dismissal was filed with the district court, dismissing the claims against Officer Hill with prejudice. Further, because the claims against Officer Faust were dismissed for failure to effect service, he is not considered a party in this matter for purposes of Rule 54(b). Bristol v. Fibreboard Corp., 789 F.2d 846, 847 (10th Cir.1986). Accordingly, this court has jurisdiction to consider London’s appeal.
London first challenges the district court’s dismissal of the fourth amendment claims asserted'against the City. The district court’s ruling on this issue is reviewed de novo. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir.2009). A complaint will only survive dismissal under Rule 12(b)(6) if it contains more than a “formulaic recitation of the elements of a cause of. action.” Twombly, 550 U.S. at 555, 127 S.Ct. 1955. We can quickly reject London’s argument that the district court applied a heightened pleading standard — under the governing standard set out in Twombly, it is clear London has not stated a claim upon which relief may be granted.
To make out his fourth amendment claim against the City, London must, inter alia, show a direct causal link between the City and the constitutional violation. Brown, 520 U.S. at 404, 117 S.Ct. 1382. Here, London alleges “policy makers for the City of Tulsa, through willful blindness, caused a policy[,] practice, pattern and/or custom of allowing its police officers to deprive citizens of their constitutional rights.” At a minimum, London’s complaint must identify these policy-makers- and the specific actions they took that resulted in the deprivation of his fourth amendment rights. This he has wholly failed to do. Neither London’s complaint nor his appellate briefing identify a single policy-maker or a specific action allegedly taken by a policy-maker. Even if we assume the truth of the fifty-two allegations of police misconduct set out in London’s complaint, he has failed to allege any facts from which it could be concluded the City was aware of those incidents of misconduct at the time of his traffic stop — thus failing to sufficiently allege a direct causal link. Accordingly, 'this court has no difficulty concluding the complaint fails to meet the Twombly standard because the allegations therein are wholly conclusory and the complaint contains nothing more than a recitation of the elements of London’s cause of action. For this reason, the dismissal of London’s fourth amendment claims against the City is affirmed for substantially the reasons stated by the district court.
*915 London also argues the district - court erred by concluding the City was immune from his state-law claims under the GTCA. This issue is also reviewed de novo. Cooper v. Cent. & Sw. Servs., 271 F.3d 1247, 1251 (10th Cir.2001). In reaching its decision, the district court relied on a recent case in which the Oklahoma Supreme Court held the state of Oklahoma “and its political subdivisions enjoy immunity for the choice' to adopt or enforce a law, the formulation of law enforcement policy, and the method by which policy is implemented.” Gurich, 238 P.3d at 4 (interpreting Okla. Stat. tit., 51 § 155). London argues the Oklahoma Supreme Court’s statement in Gurich is dicta and the more relevant rule can be found in a federal decision interpreting Nevada law. See Perrin v. Gentner, 177 F.Supp.2d 1115, 1126 (D.Nev.2001) (ruling the training and supervision of a police officer, unlike the initial decision to hire the officer, were not discretionary functions).
London’s complaint set out three state-law negligence claims against the City. He described the City’s negligent conduct as follows:
A. The negligent establishment (or, alternatively, negligent failure to enforce) of a policy, practice, and custom within the City of Tulsa Police Department to omit and/or failure to establish or provide adequate’, training and supervision regarding the proper lawful basis to effectuate an arrest when dealing with its citizens;
B. Negligently failed to enforcé the regulations, policies, rules, and practices of the City of Tulsa Police Department pertaining to the proper lawful basis to effectuate an arrest; •
C. The City of Tulsa, through its policy-makers, negligently failed to instruct, supervise, control and/or discipline, on a continuing basis, Defendants Eric J. Hill, David A. Foust [sic] and Joseph W. Beaty in the performance of their duties to refrain from unlawfully arresting the Plaintiff.
It is unnecessary, and impossible, to determine whether these state-law claims are barred by the discretionary function exemption because the complaint fails to meet the Twombly pleading standard. London asserts “policy-makers” for the City were negligent in failing to instruct, supervise, control, and discipline the officers involved in the traffic stop, but fails to identify any policy-maker by name. . Accordingly, it is impossible to determine from the complaint whether these unnamed individuals even had the power to make discretionary decisions. Similarly, London alleges the City failed to enforce regulations, policies, rules, and practices of the City of Tulsa Police Department. He has, however, failed to identify these regulations, policies, rules, and practices; making it impossible to determine whether they even exist or, if they do exist, who was responsible for enforcing them. In short, London’s state-law claims suffer from the same infirmity as his § 1983 claims — the claims are nothing more than a “formulaic recitation of the elements of a cause of action.” Twombly, 550 U.S. at 555, 127 S.Ct. 1955.
In his response to the City’s motion to dismiss, London summarily argued his complaint met the Twombly pleading standard and the state-law tort claims should not be dismissed at the “preliminary” stage of the proceedings without permitting him the “opportunity for discovery, amendment of the pleadings, and a proper framing of these very complicated OGTCA claims.”[5] London misapprehends his bur *916 den at the pleading stage. He must allege enough facts “to raise a reasonable expectation that discovery will reveal evidence of’ negligence. Id. at 558-60, 127 S.Ct. 1955. He is not entitled to file a bare-bones complaint and fill in those facts after discovery is complete.
IV. Conclusion
We affirm the grant of the City’s motion to dismiss. London’s complaint fails to adequately plead either a fourth amendment claim or an Oklahoma state negligence claim.

 After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist in the determination of this appeal-. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case was therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

. According to the City, Defendant Faust’s name has been repeatedly misspelled as Foust.

. London has not challenged the dismissal of these claims.

. The district court noted that London’s complaint, while purporting to also assert claims arising under the Fourteenth Amendment, contained no factual allegations supporting a fourteenth amendment violation. Accordingly, to the extent such a claim was asserted, the court dismissed it. Wisely, London has not appealed from this portion of the district court’s ruling. See Albright v. Oliver, 510 U.S. 266, 273-74, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (holding the Fourth Amendment, not the Fourteenth Amendment, governs claims arising from an arrest or seizure).

. London has not asserted any arguments challenging this ruling.

. Neither the City’s motion to dismiss nor London’s response was included in the appen *916 dix. The court supplements the appendix with these documents on i.ts own motion.