**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

ALLEN ALEXANDER PARKS,

    Plaintiff - Appellant,

v.

OKLAHOMA COUNTY SHERIFF P.D.
TAYLOR; MAJOR FNU HERRON;
LIEUTENANT FNU NEAL;
LIEUTENANT FNU HENDERSHOTT;
LIEUTENANT FNU CARTER; SGT.
FNU HANSON; CORPORAL FNU
JACKSON; CORPORAL FNU WILSON;
FNU STASNETT, Floor Rover,

    Defendants - Appellees.

No. 21-6014
(D.C. No. 5:18-CV-00968-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

    Allen Alexander Parks, a pro se Oklahoma inmate, brought this action to

vindicate alleged constitutional violations he sustained as a pretrial detainee. The

district court dismissed some claims, and Parks moved to voluntarily dismiss the rest

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

without prejudice. The district court granted his request and purported to enter a separate judgment from which Parks appealed. We dismiss for lack of jurisdiction.

I

Parks alleged twelve defendants violated his rights by exposing him to raw sewage, confining him to his cell for prolonged periods of time, and using excessive force. On screening, the district court dismissed three defendants and all official-capacity claims. The court then dismissed four individual defendants—Taylor, Jackson, Carter, and Hendershott. Although five other defendants remained, Parks immediately appealed the dismissal order. *See Parks v. Taylor*, *appeal docketed*, No. 20-6054 (10th Cir. Apr. 21, 2020).

Noting that claims remained pending against five defendants, we directed Parks to show cause why his appeal should not be dismissed for lack of a final decision. In response, he acknowledged the interlocutory nature of his appeal but requested an opportunity to ask the district court to certify its dismissal order under Federal Rule of Civil Procedure 54(b). We granted his request and abated the appeal, but the district court denied a Rule 54(b) certification, and we dismissed his appeal, *Parks v. Taylor*, No. 20-6054 (10th Cir. Aug. 18, 2020).

Meanwhile, Parks repeatedly sought to amend his complaint to expand his allegations and name additional defendants. He also filed new *cases* in the district court, restating some of the same claims that were still pending in this action. The magistrate judge in this action, however, denied leave to amend and struck the proposed amended complaint. *See* R., vol. VII at 613-15.

2

At that point, Parks moved the district court under Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss the five remaining defendants without prejudice. The district court observed that he could dismiss these defendants without a court order because they had not filed an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Consequently, the court granted his request and dismissed these defendants without prejudice. The court also entered a separate judgment referring to its previous orders and stated, "this action is dismissed without prejudice to refiling." R., vol. VII at 659 (capitalization omitted). Parks then filed a new notice of appeal and now seeks once again to challenge the order dismissing Taylor, Jackson, Carter, and Hendershott.

Prior to briefing on the merits, however, we directed Parks to show cause why this appeal should not be dismissed, explaining that a plaintiff generally may not voluntarily dismiss claims without prejudice to facilitate an appeal. In his response, Parks insists this appeal is sound because the district court granted his motion to voluntarily dismiss the five remaining defendants and entered a separate, final judgment from which he appealed. Briefing on the merits resumed, but in appellees' response brief, they maintain this appeal should be dismissed because Parks challenges an interlocutory order and may not manufacture finality by voluntarily dismissing his claims against the five remaining defendants without prejudice.

II

"Under 28 U.S.C. § 1291, we have jurisdiction to review all final decisions of the district courts of the United States. A decision is final when it ends the litigation

3

on the merits and leaves nothing for the court to do but execute the judgment." *Eastom v. City of Tulsa*, 783 F.3d 1181, 1184 (10th Cir. 2015) (internal quotation marks omitted).

Generally, a party cannot "manufacture finality by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed." *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv. II, LLC*, 887 F.3d 1003, 1015 (10th Cir. 2018) (internal quotation marks omitted). We examined this rule in *Cook v. Rocky Mountain Bank Note Co.*, where the plaintiff sought to appeal the dismissal of one of her claims even though two other claims remained pending. 974 F.2d 147, 147-48 (10th Cir. 1992). We directed the plaintiff to show cause why the appeal should not be dismissed, prompting her to seek a Rule 54(b) certification, which the district court denied. *Id.* at 148. The plaintiff then moved to dismiss her two remaining claims without prejudice, which the district court granted. *See id.* We dismissed the appeal, ruling that "[a] plaintiff cannot be allowed to undermine the requirements of Rule 54(b) by seeking [voluntary] dismissal of her remaining claims and then appealing the claim that was dismissed with prejudice." *Id.*; *see also Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998) (per curiam) ("Parties may not confer appellate jurisdiction upon us by obtaining a voluntary dismissal without prejudice of some claims so others may be appealed.").

There are some exceptions to this rule. For example, a decision may be final when claims dismissed without prejudice are predicated on claims dismissed with prejudice, *see Jackson v. Volvo Trucks N. Am., Inc.*, 462 F.3d 1234, 1238 (10th Cir.

4

2006), or where the statute of limitations has expired on claims dismissed without prejudice, *see Bragg v. Reed*, 592 F.2d 1136, 1138 (10th Cir. 1979); *cf. Eastom*, 783 F.3d at 1183-85 (concluding that dismissal was not final because the statute of limitations had not run on a claim voluntarily dismissed without prejudice). Also, while the failure to enter judgment against served defendants prevents a prior decision from being final, unresolved claims against unserved defendants do not "prevent" a prior decision from being final, *see Bristol v. Fibreboard Corp.*, 789 F.2d 846, 847-48 (10th Cir. 1986) (per curiam), unless "the district court's expectation of further proceedings against unserved defendants means its dismissal of served defendants is not final," *Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 958 n.4 (10th Cir. 2021).

This case falls squarely under the manufactured-finality rule. As in *Cook*, Parks seeks to appeal an interlocutory order that dismissed fewer than all claims (the order dismissing Taylor, Jackson, Carter, and Hendershott). When he first appealed, we gave him an opportunity to request a Rule 54(b) certification, but the district court denied his request, and we dismissed his first appeal. Parks then attempted to circumvent Rule 54(b) by voluntarily dismissing without prejudice the five remaining defendants. Indeed, he openly admits that he voluntarily dismissed the remaining defendants without prejudice for the "calculated purpose [of] expiditedly [sic] bring[ing] about a[] final judgment order dismissing CIV-18-968-D." Resp. to Show Cause Order at 8 (capitalization, underlining, and internal quotation marks omitted). But Parks cannot circumvent Rule 54(b) by voluntarily dismissing his claims without

5

prejudice to facilitate this appeal.  *See Cook*, 974 F.2d at 148; *accord Brown v. Baeke*, 413 F.3d 1121, 1124 n.3 (10th Cir. 2005) (noting that plaintiffs' appeals from Rule 41(a)(2) dismissals without prejudice "raise issues of non-aggrievement and non-finality that generally bar appellate jurisdiction" and recognizing that "[b]ecause the plaintiff may reinstate his action regardless of the decision of the appellate court, permitting an appeal is clearly an end-run around the final judgment rule" (brackets and internal quotation marks omitted)).

Neither does this case fall within any exception.  Although four of the five defendants that Parks voluntarily dismissed without prejudice were never served, one defendant, Neal, was served, *see* R., vol. I at 8.  And while the two-year statute of limitations has now run on Parks' claims against Neal, *see Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005), Parks has already filed at least two other cases prosecuting the same claims against Neal.  *See* R., vol. VII at 649 (Mot. to Voluntarily Dismiss) (seeking voluntary dismissal without prejudice of five remaining defendants, including Neal, because "these same . . . count(s) that were originally being prosecuted against these five defendants in CIV-18-968-D, are now being prosecuted against the defendants in CIV-19-1188-D, with amended factual allegations"); *id.* at 650 (seeking voluntary dismissal without prejudice of excessive force claims against two defendants, including Neal, because they "have been properly re-filed with amended factual allegation(s) within the Plaintiff's Amended CIV-19-1137-D").  In *Cook*, we explained that plaintiff's voluntary dismissal without prejudice of the remaining claims left her "free to file another complaint raising those

6

same claims." 974 F.2d at 148. By refiling his claims against Neal, Parks has done precisely what *Cook* sought to prevent. We will not countenance his express effort to circumvent Rule 54(b) and the final judgment rule.

Parks insists the challenged decision is final because the district court purported to enter a separate final judgment and ruled that his subsequent notice of appeal was timely. This has no impact on our analysis. The court's designation of an order is not dispositive as to finality. Indeed, absent a Rule 54(b) certification, "*any order or other decision, however designated*, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties[,] does not end the action as to any of the claims or parties." Fed. R. Civ. P. 54(b) (emphasis added). Thus, in *Heimann*, notwithstanding the district court's express statement that "the matter is now final and immediately appealable," we concluded there was no final decision because the district court had not resolved the merits of counterclaims dismissed without prejudice. 133 F.3d at 768-69 (internal quotation marks omitted); *see also Moya v. Schollenbarger*, 465 F.3d 444, 450 n.7 (10th Cir. 2006) ("We reemphasize that bare terminology in a district court order is not determinative [of the finality of a decision]."); *accord Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc.*, No. 21-5022, 2022 WL 881575, at *2-3 (10th Cir. Mar. 25, 2022); *Tri Cnty. Tel. Ass'n v. Campbell*, No. 20-8053, 2021 WL 4447909, at *10-11 (10th Cir. June 16, 2021). Here, the district court similarly purported to enter final judgment, but Parks' voluntary dismissal without prejudice left claims unadjudicated on the merits. As a result, the order he seeks to appeal is not a final decision.

7

III

Accordingly, we dismiss this appeal for lack of jurisdiction.  Parks' motion to file an oversized reply brief is granted, as is his motion to proceed on appeal without prepayment of costs and fees.  Parks is reminded of his continuing obligation to make partial payments toward his filing fees until they are paid in full.

Entered for the Court


Allison H. Eid
Circuit Judge