In re **WYOMING TIGHT SANDS ANTI TRUST CASES.**

Civ. A. Nos. 85–2349–S, 85–2364–S, 85–2438–S, 85–2511–S, 85–2605–S and 86–2351–S.

United States District Court, D. Kansas.

Sept. 21, 1989.

See also, D.C., 715 F.Supp. 307.

Basil W. Kelsey, Frank B.W. McCollum, Terry W. Schackmann, Spencer, Fane, Britt & Browne, Overland Park, Kan.

Ralph Foster, Vice President & Gen. Counsel, John P. DeCoursey, Kansas Gas & Elec. Co., Wichita, Kan.

Robert T. Stephan, Atty. Gen.,

Wayne Hundley, Deputy Atty. Gen., Chief, Consumer Protection & Antitrust Div., Topeka, Kan.

Donald D. Barry, Topeka, Kan.

Stephen P. Dees, Robert J. Hammer, Farmland Industries, Inc., Kansas City, Mo.

Jack C. Chestnut, Chestnut & Brooks, Minneapolis, Minn.

Thomas Greenan, Ferguson & Burdell, Seattle, Wash.

Jerome T. Wolf, Spencer, Fane, Britt & Browne, Kansas City, Mo.

Randolph G. Willis, Watson, Ess, Marshall & Enggas, Olathe, Kan.

J. Eugene Balloun, Shook, Hardy & Bacon, Overland Park, Kan.

Mick Lerner, Stinson, Mag & Fizzell, Overland Park, Kan.

Douglas E. Nordlinger, Douglas G. Robinson, Skadden, Arps, Slate, Meagher & Flom, Washington, D.C.

Fred H. Bartlit, Jr., David M. Stryker, Kirkland & Ellis, Chicago, Ill.

John T. Schmidt, Jane J. Welch, Mark Pennington, C. Kevin Morrison, Margaret A. Swimmer, Mary J. Rounds, Elizabeth Head, Hall, Estill, Hardwick, Gable, Golden & Nelson, Inc., Tulsa, Okl.

Lawrence M. Berkowitz, Frank L. Sallee, Matthew J. Verschelden, Stinson, Mag & Fizzell, Kansas City, Mo.

Darrel A. Kelsey, Ronald A. Skoler, Christian P. Mai, CSG Exploration Co., Tulsa, Okl.

Martin J. Keating, Chicago, Ill.

Colvin A. Peterson, Watson, Ess, Marshall & Enggas, Kansas City, Mo.,

Jerry M. Gross, Amoco Corp., Chicago, Ill.

William G. Levi, David R. Schlee, W. Woody Schlosser, Smith, Gill, Fisher & Butts, P.C., et al., Kansas City, Mo.

L.K. Smith, John A. Burkhardt, Boone, Smith, Davis & Hurst, Tulsa, Okl.

John K. Rosenberg, Gen. Counsel, Kansas Power & Light Co., Topeka, Kan.

William L. Webster, Terry C. Allen, Shugart, Thomson & Kilroy, Jefferson City, Mo.

R. Lawrence Ward, W. Terrence Kilroy, Russell S. Jones, Jr., G. Adolph Schmidt, II, Shugart, Thomson & Kilroy, Kansas City, Mo.

Anthony Rupp, Shugart, Thomson & Kilroy, Overland Park, Kan.

Stan P. Doyle, James C. Thomas, Doyle & Harris, Tulsa, Okl.

Cloyd R. Mellott, Dale Hershey, D. Richard Funk, Mary K. Austin, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa.

William H. Sanders/Floyd Finch, Jr., Katharine Bunn, Sally Burger, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo.

James D. Griffin, Blackwell, Sanders, Matheny, Weary & Lombardi, et al., Overland Park, Kan.

Robert K. Green, UtiliCorp United, Inc., Kansas City, Mo.

David P. Mudrick, Director, Legal Services, Kansas Power and Light Co., Topeka, Kan.

Thomas H. Brill, Kansas City, Mo.

Deborah Farrar Quirk, Kansas City, Mo.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motions of plaintiff Kansas Power and Light ("KPL") and plaintiff Kansas Gas and Electric for an order dismissing certain claims which they have asserted without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The court agrees with defendants that the more appropriate manner of dropping certain claims is by amending the complaint pursuant to Rule 15. Rule 41(a)(2) concerns voluntary dismissal of the entire action, not the dismissal of certain claims. *See Smith, Kline & French Labs v. A.H. Robins Co.,* 61 F.R.D. 24, 29–30 (E.D.Pa.1973) (Rule 41(a) refers to dismissal of an "action," not the dismissal of a separate claim.).

To spare the plaintiffs the added expense of filing new motions under Rule 15 and to spare defendants the added expense of filing a new answer to an amended complaint, the court will, nevertheless, allow plaintiffs to dismiss the separate claims on the condition that the dismissed claims will be subject to the same res judicata effect that they would have received if they had been more appropriately dropped by plaintiffs pursuant to a Rule 15 amended complaint.

IT IS BY THE COURT THEREFORE ORDERED that the following claims asserted by Kansas Power and Light are dismissed:

(a) Counts III, IV and V, alleging violation of the Racketeer Influenced & Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.;*

(b) KPL's claim, contained in paragraph 66 of KPL's Third Amended Complaint, that KPL lost the opportunity to purchase less expensive natural gas from the Hugoton fields in Kansas because Williams Natural Gas Company's ("Pipeline") reduction of its purchases from Hugoton decreased KPL's allowable Hugoton purchases;

(c) KPL's claims, contained in paragraph 144 of KPL's Third Amended Complaint, for intentional interference with KPL's Hugoton contracts and its business expectations and opportunities with respect to purchases of low-cost natural gas from the Hugoton fields;

(d) Count XI, seeking damages under K.S.A. § 50–108;

(e) Count XIII, alleging tortious interference with contract; and

(f) Count XIV, alleging conspiracy to breach contract.

IT IS FURTHER ORDERED that the following claims asserted by Kansas Gas and Electric are dismissed:

(a) Count V, seeking damages under K.S.A. § 50–108;

(b) Count VI, alleging illegal prices under the Natural Gas Policy Act of 1978, 15 U.S.C. § 3301, *et seq.;*

(c) Count VIII, alleging tortious interference with contract; and

(d) Count IX, alleging conspiracy to breach contract.

IT IS FURTHER ORDERED that these dismissed claims are subject to the conditions set out in the above memorandum.