Rodney Lee CAMPBELL, a disabled person, by and through his conservator and guardian, Michael M. JACKSON, Attorney at Law, Plaintiff,

v.

Officer Julie A. HOFFMAN, as an individual and in her official capacity; Officer Dean J. McWilliams, as an individual and in his official capacity; Officer William A. Wempe, as an individual and in his official capacity; Officer Frank Gregg, as an individual and in his official capacity; and City of Topeka, Kansas, a municipal corporation, Defendants.

No. 91–4054–RDR.

United States District Court,
D. Kansas.

Oct. 29, 1993.

Michael M. Jackson, Topeka, KS, Lee R. Barnett, Law Offices of Lee R. Barnett, Wakarusa, KS, C. Richard Comfort, Comfort Law Office, Minneapolis, KS, for plaintiff.

Wilburn Dillon, Jr., Bennett & Dillon, Topeka, KS, for Julie A. Hoffman.

Randy L. Baird, Topeka, KS, for Dean J. McWilliams.

Catherine A. Walter, Thomas E. Wright, Wright, Henson, Somers, Sebelius, Clark & Baker, Topeka, KS, for William A. Wempe.

Gary L. Conwell, Topeka, KS, for Frank (NMI) Gregg.

H. Neil Roach, Office of the City Atty., City of Topeka, Topeka, KS, for City of Topeka.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is presently before the court upon plaintiff's motion to dismiss. Plaintiff seeks to dismiss certain claims pursuant to Fed.R.Civ.P. 41(a)(2). The defendants have raised various objections to plaintiff's motion.

Ordinarily, the dismissal of claims by a plaintiff is a routine matter with little difficulty. This is not the ordinary situation. The court has received a wealth of paper concerning this usually simple procedure.

Plaintiff seeks to dismiss five counts (Counts 2, 3, 5, 6 and 7) and part of one count (Count 1, paragraph 16(b)) of his amended complaint. Although plaintiff fails to mention it in his motion, the dismissal of these counts will result in the dismissal of the defendant City of Topeka from the lawsuit. The dismissal of these claims would leave an excessive force claim under 42 U.S.C. § 1983 and a supplemental abuse of process claim. Four City of Topeka police officers would remain as defendants.

The briefs filed by the parties raise a number of issues, including the following: (1) Can Rule 41(a)(2) be used to dismiss some but not all claims against a party? (2) Can Rule 41(a)(2) be used to dismiss a party? and (3) Does dismissal of the City of Topeka as a party end its potential for liability in this action?

Plaintiff, relying upon Judge Saffels' decision in *In re Wyoming Tight Sands Anti Trust Cases,* 128 F.R.D. 121 (D.Kan.1989), seeks dismissal of certain claims under Rule 41(a)(2). Although recognizing that dismissal of certain, but not all, claims under Rule 41(a)(2) is "not completely appropriate," plaintiff suggests the court dismiss the claims under Rule 41 even though the court should resolve the motion by applying the standards used in determining a motion to amend under Fed.R.Civ.P. 15.

Defendant City of Topeka has indicated that it has no opposition to the plaintiff's motion if the dismissed claims are subjected to the same res judicata effect as was ordered by Judge Saffels in *Wyoming Tight Sands.* Plaintiff does not object to the City's request as long as the court orders that the City of Topeka cannot recover costs and attorney's fees. Plaintiff also adds a confusing argument suggesting the City remains liable even though all claims against it are being dismissed.

Defendant Hoffman objects to the use of Rule 41 to dismiss some, but not all, of plaintiff's claims. Defendant Hoffman argues that Rule 15 must be used to accomplish the goals sought by the plaintiff. Plaintiff again argues in reply to the defendant's response that Rule 41 is an appropriate vehicle for the dismissal of some claims. Plaintiff suggests that the defendant will not be prejudiced by the dismissal of these claims under either Rule 41 or Rule 15.

The court has little quarrel with the decision of Judge Saffels in *Wyoming Tight Sands.* In that case, Judge Saffels was faced with a motion filed by the plaintiffs to dismiss certain claims pursuant to Rule 41(a)(2). Judge Saffels recognized that Rule 15, not Rule 41(a)(2), was the proper vehicle for the dismissal of some, but not all, claims. 128 F.R.D. at 123. Nevertheless, in order to spare the plaintiffs the added expense of filing new motions under Rule 15 and to spare the defendants the added expense of

filing new answers, he granted plaintiff's motion on the condition that the dismissed claims would have the same res judicata effect that they would have received if they had been dropped by the plaintiffs pursuant to a Rule 15 motion to amend. *Id.*

■ The court agrees completely with Judge Saffels that Rule 41(a)(2) is not the proper mechanism to dismiss only a few claims. Rule 41(a)(2) refers to dismissal of "an action" as opposed to an individual claim or claims. The language of Rules 41(a)(1), 41(b), and 41(d) refer to both actions and claims, indicating that the drafters of Rule 41 drew a distinction between those two terms and intended them to have different meanings. Thus, while the Tenth Circuit apparently has not addressed the question,[1] the court concludes that Rule 41(a)(2) authorizes a plaintiff to dismiss voluntarily an "action," but does not apply when a plaintiff seeks to dismiss some, but not all, of his or her claims. *See Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1392 (9th Cir.1988); *Gronholtz v. Sears, Roebuck & Co.,* 836 F.2d 515, 517–18 (Fed.Cir.1987); *Management Investors v. United Mine Workers,* 610 F.2d 384, 394 & n. 22 (6th Cir.1979).[2] A motion to eliminate certain claims from a multi-count complaint should be made in a motion to amend under Rule 15. See 5 *Moore's Federal Practice* ¶ 41.06–1, at 41–82 (1993) (Rule 15(a) is the appropriate mechanism "[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims"). Rather than following the lead of Judge Saffels in *Wyoming Tight Sands,* the court shall simply construe plaintiff's motion as one to amend under Rule 15(a).

■ Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." A motion to amend under Rule 15 should be granted absent "undue delay, bad faith or dilatory motive on the part of the

movant ... [or] undue prejudice to the opposing party." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ The court finds that the plaintiff's motion should be granted. The court does not find any prejudice to the defendants in granting this motion. By allowing the plaintiff to withdraw these claims, the defendants will be spared the expense and effort of preparing a defense to them. Moreover, the dismissal of these claims will simplify and focus the issues presented by this case. Accordingly, plaintiff's motion shall be granted and Counts 2, 3, 5, 6 and 7, and paragraph 16 of Count 1, shall be dismissed from plaintiff's amended complaint.

■ The courts and the commentators have been more willing to accept the argument that Rule 41 can be utilized to dismiss one defendant or some, but not all, defendants. *See Pedrina,* 987 F.2d at 609–10; *Cabrera v. Municipality of Bayamon,* 622 F.2d 4, 6 (1st Cir.1980); *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.,* 474 F.2d 250, 253–55 (5th Cir.1973); *Johnston v. Cartwright,* 355 F.2d 32, 39 (8th Cir.1966). *Also see* 9 Wright & Miller, *Federal Practice and Procedure: Civil* § 2762 (1971); 5 Moore's *Federal Practice* ¶ 41.06–01, at 41–86 (1993). *But see Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105, 108 (2d Cir.), *cert. denied,* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953). This court agrees that Rule 41(a)(2) can be used to achieve such a goal. Nevertheless, we need not employ such a tactic in this case since Rule 15 is also an appropriate device for dropping a party.

All of this brings the court to one final matter. Plaintiff has suggested that even though all claims against the City of Topeka have been dismissed, the City is "still liable to plaintiff in this action." This liability ap-

---

1. Based upon Judge Saffels' decision in *Wyoming Tight Sands,* plaintiff contends that the "Tenth Circuit" has addressed this issue. Plaintiff confuses the decisions of the district courts within the Tenth Circuit with the actual decisions of the Tenth Circuit Court of Appeals. While this court is bound to follow the dictates of the Tenth Circuit, we are not required to follow the decisions of other district judges. *See Threadgill v.*

*Armstrong World Industries, Inc.,* 928 F.2d 1366, 1371 (3d Cir.1991).

2. The cases relied upon by the plaintiff are not to the contrary. These cases involve the use of Rule 41 to effect a dismissal of all claims against one defendant. *See, e.g., Pedrina v. Chun,* 987 F.2d 608, 609 (9th Cir.1993).

parently arises from plaintiff's counsel's belief that he is suing the individual defendants in both their official and individual capacities.

It is quite obvious to the court that plaintiff's counsel lacks an understanding of the concepts of official capacity claims and individual capacity claims. Plaintiff's counsel's confusion is understandable since many attorneys and some courts have failed to grasp the distinction between these two types of actions. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985). The distinction between the two types of suits is properly explained in *Graham* as follows:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.
>
> On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a " 'moving force' " behind the deprivation; thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law.
>
> . . . . .
>
> A victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him. Indeed, unless a distinct cause of action is asserted against the entity itself, the entity is not even a party to a personal-capacity lawsuit and has no opportunity to present a defense.

*Id.* at 165–68, 105 S.Ct. at 3105–06 (footnotes and citations omitted) (emphasis in original).

With the dismissal of the aforementioned claims, plaintiff has no claims remaining which could impose liability against the City. The remaining claims are brought against the individual police officers in their individual capacities. The remaining claims contain no allegations that the officers were acting pursuant to the policy or custom of the City. Accordingly, any suggestion by plaintiff that the City remains liable by virtue of the remaining claims is simply wrong.

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss certain counts pursuant to Fed.R.Civ.P. 41 (Doc. # 185), which the court has construed as motion to amend under Fed.R.Civ.P. 15(a), is hereby granted. Counts 2, 3, 5, 6 and 7 and paragraph 16 of Count 1 are hereby dismissed from plaintiff's amended complaint. The dismissal of these counts also results in the dismissal of defendant City of Topeka. Plaintiff shall file an amended complaint reflecting the dismissal of these counts within ten days of the date of this order.

IT IS SO ORDERED.