GOBBO FARMS & ORCHARDS, a Colorado partnership, Plaintiff–Appellant,

v.

POOLE CHEMICAL COMPANY, INC., a Texas corporation authorized to do business in the State of Colorado, Defendant–Appellee.

No. 95–1218.

United States Court of Appeals, Tenth Circuit.

March 6, 1996.

Gregory Jouflas and Joseph Coleman of Coleman, Jouflas & Williams, Grand Junction, Colorado, for Plaintiff–Appellant.

Keith Boughton of Elder & Phillips, P.C., Grand Junction, Colorado, for Defendant–Appellee.

Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,** District Judge.

RALPH G. THOMPSON, District Judge.

This appeal arises from a judgment entered in the district court in this diversity action in favor of Poole Chemical Company (Poole) in the amount of $10,699.70 for attorney fees and costs.[1] Plaintiff Gobbo Farms & Orchards (Gobbo), a commercial onion grower, purchased liquid fertilizer products from Poole for use on its 1991 onion crop. Gobbo's 1991 onion crop failed to thrive, and it brought suit against Poole, alleging breach of contract, breach of express and implied warranties, products liability, and negligence, in connection with the Poole fertilizer products. In response to a motion for election of remedies filed by Poole, Gobbo dismissed its negligence claim approximately one week before trial. The district court conducted a jury trial, and judgment was entered in favor of Gobbo on December 20, 1994. Poole filed a motion pursuant to Fed.R.Civ.P. 54(d) for attorney fees and costs associated with its defense of the negligence claim that was dismissed by Gobbo just before trial.

The district court held a hearing on the motion and found that, because Gobbo possessed all information relevant to the negligence claim approximately thirteen months before it dismissed the claim, Gobbo had prosecuted the negligence claim in bad faith. Based on that finding, the district court granted Poole's motion and awarded Poole's costs related to the loss of reputation negligence issue, including $5,407.86 for a private investigator to interview witnesses and prepare videotapes, $216.00 for record copying costs, and $215.91 for subpoena expenses. The district court also awarded $4,860.00 for attorney fees relating to the negligence claim.

We disagree with Gobbo's contention that dismissal of its negligence claim prior to trial was a voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(ii). That rule speaks to dismissal of an action, not just a claim within an action. Gobbo offers no authority, and we have found none, to support its contention that Rule 41(a) applies to dismissal of less than all claims in an action. In fact, other circuits and at least one district court in this circuit have specifically held to the contrary. *See Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1392 (9th Cir.1988); *Management Investors v. United Mine Workers,* 610 F.2d 384, 394 n. 22 (6th Cir.1979); *Exxon Corp. v. Maryland Casualty Co.,* 599 F.2d 659, 662 (5th Cir.1979); *In Re Wyoming Tight Sands Anti Trust Cases,* 128 F.R.D. 121, 123 (D.Kan.1989). The district court's award of costs and attorney fees was pursuant to Fed.R.Civ.P. 54(d).

We find no error in the district court's application of state law in awarding attorney fees. *See Rockwood Ins. Co. v. Clark Equip. Co.,* 713 F.2d 577, 579 (10th Cir.1983). Thus, we affirm the attorney fees award. However, Colorado law does not govern the award of costs. "In a diversity case, federal law controls in regard to the assessment of costs." *Chaparral Resources, Inc. v. Monsanto Co.,* 849 F.2d 1286, 1291–92 (10th Cir.1988). The district court's award here was in the nature of a sanction against plaintiff. Fed.R.Civ.P. 54(d)(2)(E) recognizes that the normal limitations on recovery of costs do not apply to claims for "fees and expenses" awarded as sanctions. We are satisfied that such an award can include reasonable investigative expenses defendant incurred in preparing to defend against an unmeritorious claim. "[T]he discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964); *U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d

** Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

1223, 1245 (10th Cir.1988). "For purposes of judicial review, the taxing of costs rests in the sound judicial discretion of the trial court, and the exercise of such discretion will not be disturbed on appeal except in case of abuse." *Touche Ross,* 854 F.2d at 1245 (further quotation omitted). The district court carefully scrutinized the assessment as costs of investigative expenses in the amount of $5,407.86, *see Farmer,* 379 U.S. at 235, 85 S.Ct. at 416–17, and we find no abuse of discretion in its judgment.

AFFIRMED.