**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MILTON VERAN WILLIAMS,

       Plaintiff-Appellant,

v.

CITY OF GUTHRIE, OKLAHOMA;
LOGAN COUNTY DISTRICT
ATTORNEY; LOGAN COUNTY
SHERIFF'S DEPARTMENT;
MARVIN QUINN; VINCENT
ANTONIOLI, Logan County District
Attorney; WILLIAM WHEELER,
Logan County Special Judge; REX
BROWN; RICHARD FULTON;
MARK BRUNING; DAVID TUCKER;
STEVE MIZE; ROBERT HUDSON,

       Defendants-Appellees,

   and

MIKE COURTRIGHT; DEXTER
PUGH;  TUCKER HODGSON,

       Defendants.

No.  03-6212
(D.C. No. 01-CV-1918-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR** and **ANDERSON** , Circuit Judges, and **KANE** ,[**] Senior District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Milton Veran Williams, appearing pro se, appeals from the district court's order dismissing his complaint. Williams filed a 42 U.S.C. § 1983 complaint against the City of Guthrie, the Logan County District Attorney's Office, the Logan County Sheriff's Department, numerous law enforcement officers, and judicial officials. Williams's complaint stemmed from three separate arrests on January 18, 1998, December 11, 1998, and April 22, 2000.

The district court dismissed all of the claims against all of the defendants for the following reasons: 1) the claims related to the January 18, 1998 and December 11, 1998 arrests were dismissed as time barred; 2) the claims against defendant Hodgson were dismissed for failure to timely serve pursuant to Fed. R. Civ. P. 4(m); 3) the claims against defendant Logan County Sheriff's Department were dismissed because it was not a suable entity; 4) the claims against defendant

---

[**] The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

City of Guthrie were dismissed for failure to state a claim for relief; 5) the claims against defendants Bruning, Fulton, Brown, Mize, and the City of Guthrie were dismissed without prejudice as premature; 6) the claims against defendants Antonioli, Quinn, and Hudson were dismissed because they are entitled to immunity; and 7) the claims against defendant Wheeler were dismissed because he was not named in the amended complaint.

Liberally construing Mr. Williams's pro se brief, he raises the following issues on appeal: 1) the district court erred in dismissing the claims related to the January 1998 and December 1998 incidents on statute of limitations grounds; [1] 2) the district court erred in dismissing the claims against defendant Hodgson for failure to timely serve the complaint pursuant to Fed. R. Civ. P. 4(m); 3) the district court erred in dismissing the claims against the City of Guthrie for failure to state a claim for relief; and 4) the district court erred in dismissing the claims

---

[1] Although Williams challenges the district court's statute of limitations ruling on several grounds, he argues for the first time on appeal that the statute of limitations should not run because he was disabled through imprisonment. This argument is waived because it was not presented to the district court. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (noting general rule that this court will not consider an issue that was not raised below); *see also Okland Oil Co. v. Conoco Inc.,* 144 F.3d 1308, 1314 n.4 (10th Cir. 1998) ("Changing to a new theory on appeal that falls under the same general category as an argument presented [to the district court] . . . is not adequate to preserve issues for appeal." (quotation omitted)).

against defendants Quinn, Antonioli, Hudson, and Wheeler on the basis of immunity. [2]

Mr. Williams also filed a pro se docketing statement that appears to contain additional issues on appeal and he attempts to incorporate this document by reference into his opening brief, *see, e.g.*, Aplt. Br. at 17, 18. This is not permissible. *See Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 624 (10th Cir. 1998) (discussing policy against considering arguments that have been incorporated by reference and adhering to rule that arguments not set forth fully in the opening brief are waived); *see also Reazin v. Blue Cross & Blue Shield of Kan., Inc.*, 899 F.2d 951, 979 n.43 (10th Cir. 1990) (an issue raised in docketing statement, but not briefed, is abandoned). Consequently, we have not considered any issue raised in the docketing statement that was not also raised in Mr. Williams's opening brief.

We review de novo the district court's dismissal on statute of limitations grounds *, Sterlin v. Biomune Systems*, 154 F.3d 1191, 1995 (10th Cir. 1998), the district court's dismissal for failure to state a claim for relief, *Ledbetter v. City of*

---

[2] Williams does not challenge the district court's rulings dismissing the complaint against the Logan County Sheriff's Department or dismissing without prejudice the claims related to the April 22, 2000 incident against Bruning, Fulton, Brown, Mize and the City of Guthrie because they were premature. Mr. Williams has therefore waived any issue with respect to these claims. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

*Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003), and the district court's dismissal on the basis of immunity, *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004). We review for abuse of discretion the district court's dismissal based on a lack of timely service. *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

Statute of limitations dismissal of December 1998 arrest claim

Williams filed the complaint in this action on December 20, 2001. The complaint related to three arrests in January 1998, December 1998 and April 2000. The magistrate judge initially dismissed the claims related to the 1998 arrests on the grounds that they were barred by the two-year statute of limitations. The December 1998 arrest claim involved defendants Fulton, Tucker, Courtright, and Pugh. In his objections to the magistrate's report and recommendation, Mr. Williams argued that his December 1998 claim should not be barred by the statute of limitations because Oklahoma's savings statute, Okla. Stat. tit. 12 § 100, applied and saved his claims. In response, the district court ordered briefing from defendants Fulton and Tucker on the applicability of the savings statute. [3]

The savings statute states:

---

[3]  The magistrate judge dismissed without prejudice the claims against defendants Courtright and Pugh because Mr. Williams failed to serve these defendants with the complaint.

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail[s] in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

*Id.*

Williams argued that he had filed a complaint in August 2000 in case No. CIV-00-1394-C that was dismissed otherwise than upon the merits and that he had filed the current action within one year of that dismissal. The district court agreed that the August 2000 complaint could have saved the current complaint from being time barred, but the court found that the defendants named in the earlier action were not the same as those named in the current action and that therefore the savings statute did not apply. The district court's conclusion is not supported by the record. The district court mistakenly stated that the August 2000 suit named only the City of Guthrie, the Logan County Sheriff's Department, and the Logan County District Attorney.

The earlier complaint named: the City of Guthrie, Logan County District 9, Eva Scott, Richard Fulton, Mike Courtright, Dexter Pugh, Tracy Lyons, Rex Brown, David Tucker, Julie Henson, Vincent Antonioli, and Robert Hudson. R. Doc. 118 at Ex. A. Although the caption on the first page names only the City of Guthrie and Logan County District 9, Mr. Williams attached a second page to

his form complaint that contained the additional defendants. *Id.* Defendants Tucker and Fulton were not included in the actual caption on the first page, presumably because of the limited space on the pre-printed form, but it is clear from the second page and the allegations in the complaint that Mr. Williams intended for them to be defendants. *Id*; *see also Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[A] party not properly named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended as a defendant . . . ."). Further, defendant Tucker admitted in his supplemental briefing on the applicability of the savings statute that he was named in both the 2000 and 2001 complaints. R. Doc. 118 at 1-2 ("[O]n August 15, 2000, Plaintiff filed a § 1983 Complaint against, *inter alia*, Tucker in relation to an incident occurring on December 11, 1998 . . . Plaintiff filed the present cause of action against Tucker, as well as the majority of the other defendants in Case No. CIV-00-1394-C, on December 20, 2001.").

Because Mr. Williams named defendants Tucker and Fulton in both the 2000 and 2001 complaints, the savings statute applies and the claims against these defendants are not barred by the statute of limitations. The judgment of the district court dismissing the claims against defendants Fulton and Tucker arising out of the December 1998 arrest is REVERSED and REMANDED. With respect to Mr. Williams's remaining issues, having reviewed the briefs, the record, and

the applicable law pursuant to the above-mentioned standards, we conclude that the district court correctly decided the remainder of this case. We therefore AFFIRM the judgment for the same reasons stated by the district court in its order of July 17, 2003.

On April 23, 2004, Mr. Williams filed a motion for stay of this appeal, which the court construed as a motion to abate. Mr. Williams sought to abate this appeal until a decision was made on his writ of habeas corpus challenging his conviction because he was concerned about being able to revive his claims that had been dismissed by the district court based on *Heck v. Humphrey*, 512 U.S. 477 (1994). The motion to abate is DENIED. The resolution of this appeal does not impact Mr. Williams's ability to re-file his complaint if his conviction is overturned because the claims were dismissed without prejudice as being premature under *Heck*. Finally, we remind Mr. Williams that he is obligated to

continue making partial payments of his appellate fee until the entire fee has been paid.

Entered for the Court


John L. Kane
Senior District Judge