FILED
United States Court of Appeals
Tenth Circuit

April 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DUSTIN ROBERT EASTOM,

Plaintiff-Appellant,

v.

CITY OF TULSA, a municipal
corporation; JEFFREY MICHAEL
HENDERSON, individually and in his
official capacity; BRANDON J.
MCFADDEN, individually and in his
official capacity,

Defendants-Appellees,

and

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, an
agency of the United States of America;
UNITED STATES OF AMERICA,

Defendants.

No. 13-5127
(D.C. No. 4:11-CV-00581-HE-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Plaintiff Dustin Eastom appeals the district court's grant of summary judgment in favor of the defendants-appellees on his claims for malicious prosecution under 42 U.S.C. § 1983, and for negligence under Oklahoma's Governmental Tort Claims Act. We dismiss for lack of jurisdiction.

Plaintiff was convicted of drug charges based on evidence discovered during a search of his home conducted by defendant Jeffrey Henderson, then a Tulsa police officer, defendant Brandon McFadden, then an agent with the federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and others. After Plaintiff's conviction, Henderson was convicted of perjury and civil-rights violations, and McFadden admitted providing false evidence in criminal cases and was convicted of drug charges. Ultimately, Plaintiff's judgment and sentence were set aside, and he filed a complaint against the ATF, the City of Tulsa, Henderson, and McFadden asserting violations of his constitutional rights and state law negligence claims. All of the defendants were served and all of the defendants, except McFadden, filed dispositive motions.

McFadden filed a suggestion of bankruptcy, stating that he had filed for bankruptcy protection and that Plaintiff's suit against him was, therefore, automatically stayed pursuant to 11 U.S.C. § 362. During the litigation, the parties stipulated to lifting the automatic stay, and the district court directed the parties to file a copy of an order from the Bankruptcy Court lifting the stay. But no such order

- 2 -

was ever filed, and Plaintiff acknowledges that the automatic stay in McFadden's bankruptcy proceeding remains in effect. *See* Aplt. Reply Br. at 5. The district court dismissed the complaint against ATF and granted summary judgment in favor of the City of Tulsa and Henderson. But the district court did not adjudicate Plaintiff's claims against McFadden. Indeed, because of the automatic stay, the district court lacked power to adjudicate the McFadden claims. *Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371, 372-73 (10th Cir. 1990) (holding that any action taken by a court during the course of a stayed judicial proceeding, including judgment entered in favor of the debtor, would constitute a violation of the stay). Plaintiff appealed.

Except in circumstances not present here, this court's appellate jurisdiction is limited to review of final decisions. *Albright v. UNUM Life Ins. Co.*, 59 F.3d 1089, 1092 (10th Cir. 1995); 28 U.S.C. § 1291. "A final judgment is one that terminates all matters as to all parties and causes of action." *Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) (internal quotation marks omitted). We issued an order directing Plaintiff to show cause why the appeal should not be dismissed for lack of jurisdiction because there was no final judgment as to all parties. We advised Plaintiff that he could pursue a final judgment in the district court or seek a certification pursuant to Fed. R. Civ. P. 54(b). *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645-46 (10th Cir. 1988) (holding that rulings encompassing fewer than all claims may nonetheless be considered by this court where a party seeks and obtains a Rule 54(b) certification from the district court).

In response, Plaintiff returned to district court and voluntarily dismissed McFadden without prejudice. The district court then granted Plaintiff's motion to enter final judgment. A plaintiff may not, however, manufacture finality with a voluntary dismissal without prejudice. *See Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 148 (10th Cir. 1992) ("[W]hen a plaintiff voluntarily requests dismissal of her remaining claims without prejudice in order to appeal from an order that dismisses another claim with prejudice . . . the order is not 'final' for purposes of § 1291.").

Plaintiff argues his voluntary dismissal operates as a "with prejudice" dismissal because the statute of limitations has run and he is effectively unable to refile his claims against McFadden. *See Amazon, Inc. v. Dirt Camp, Inc*., 273 F.3d 1271, 1275 (10th Cir. 2001) ("Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable."). We are not persuaded that Plaintiff cannot refile, however, because Oklahoma's savings statute, 12 Okla. Stat. tit. § 100, affords civil plaintiffs an additional year to refile if a case fails other than on the merits after the original limitations period has expired. *See Twashakarris, Inc. v. INS*, 890 F.2d 236, 237 (10th Cir. 1989); *Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla. 1993).

Thus, we conclude we lack jurisdiction to review Plaintiff's appeal because the order he appealed is not a final judgment. Plaintiff asks for additional time to obtain

- 4 -

a Rule 54(b) certification, if we conclude, as we do, that we lack a final, appealable order. We decline to do so, as we previously advised Plaintiff of that option and gave him time to obtain Rule 54(b) certification. *See Lewis*, 850 F.2d at 645 (stating we will summarily dismiss for lack of jurisdiction if party fails to obtain a Rule 54(b) certification or a final, dispositive order by the date specified in our show cause order).

We dismiss the appeal for lack of jurisdiction.

Entered for the Court

Jerome A. Holmes
Circuit Judge