**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 20, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DUSTIN ROBERT EASTOM,

    Plaintiff - Appellant,

v.

CITY OF TULSA, a municipal
corporation; JEFFREY MICHAEL
HENDERSON, individually and in his
official capacity;

    Defendants - Appellees,

and

BRANDON J. McFADDEN, individually
and in his official capacity; BUREAU OF
ALCOHOL, TOBACCO, FIREARMS
AND EXPLOSIVES, an agency of the
United States of America,

    Defendants.

No. 14-5132

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 4:11-CV-581-HE-PJC)**
_____

Submitted on the briefs:[*]

_____

    [*] After examining the briefs and appellate record, this panel determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Stanley D. Monroe and Kirsten Louise Palfreyman, Monroe & Associates, Tulsa, Oklahoma, for Appellant.

Clark O. Brewster, Guy A. Fortney, and Mark B. Jennings, Brewster & De Angelis, P.L.L.C., Tulsa, Oklahoma; and Gerald M. Bender, Litigation Division Manager, City Hall, Tulsa, Oklahoma, for Appellee.

_____

Before **HARTZ**, **HOLMES**, and **MATHESON**, Circuit Judges.

_____

For the second time, Dustin Eastom attempts to appeal the district court's order granting summary judgment to the City of Tulsa and Jeffrey Henderson, a Tulsa police officer. Mr. Eastom attempted to appeal the same order in 2014, but we dismissed for lack of jurisdiction. *See Eastom v. City of Tulsa*, 563 F. App'x 595, 595 (10th Cir. 2014) (unpublished). We again dismiss Mr. Eastom's appeal for lack of jurisdiction because the district court's order is still not final.

## I. **BACKGROUND**

In 2011, Mr. Eastom filed claims for, *inter alia*, malicious prosecution under 42 U.S.C. § 1983 against the City of Tulsa, Mr. Henderson, and Brandon McFadden, who was an agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Mr. Eastom also alleged a negligence claim under Oklahoma's Governmental Tort Claims Act against the City of Tulsa.[1]

_____

[1] Mr. Eastom also lodged a § 1983 claim against the ATF and Federal Tort Claims Act claims against the United States and the ATF. The district court dismissed each of these claims with prejudice on July 3, 2012, so they do not affect our jurisdictional analysis.

- 2 -

After Mr. Eastom filed suit, Mr. McFadden filed for Chapter 7 bankruptcy. Mr. McFadden notified the district court that Mr. Eastom's claim against him was thereby automatically stayed under 11 U.S.C. § 362.[2]

The district court entered summary judgment for the City of Tulsa and Mr. Henderson, dismissing Mr. Eastom's § 1983 claims with prejudice. It also declined to exercise supplemental jurisdiction over his state law claim against the City of Tulsa and therefore dismissed it without prejudice. All that remained was Mr. Eastom's § 1983 claim against Mr. McFadden, which continued to be stayed under 11 U.S.C. § 362.

Mr. Eastom appealed the district court's summary judgment order, and we ordered Mr. Eastom to show cause why his appeal should not be dismissed for lack of jurisdiction because there was no final judgment as to all parties. *Eastom*, 563 F. App'x at 596. Mr. Eastom returned to the district court, and voluntarily dismissed his claim against Mr. McFadden without prejudice, and the district court re-entered judgment. Mr. Eastom then responded to our order to show cause, arguing his voluntary dismissal of the claim against Mr. McFadden made the district court's summary judgment order final because he was time-barred from refiling the claim. *Id.*

We concluded Mr. Eastom's voluntary dismissal without prejudice was insufficient to render the district court's order a final judgment as to all parties because Mr. Eastom could refile his claim against Mr. McFadden. *Id.* We noted Mr. Eastom

---

[2] Filing a bankruptcy petition automatically stays the "continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

conceded the stay was still in place as to his claim against Mr. McFadden. *Id.*[3] We explained Mr. Eastom could refile this claim due to Oklahoma's savings statute, Okla. Stat. tit. 12, § 100, which allows civil plaintiffs an additional year to refile claims that fail on a ground other than on the merits, even if the claim's original statute of limitations has expired at the time of refiling. *Eastom*, 563 F. App'x at 596. The savings statute therefore allowed Mr. Eastom to refile against Mr. McFadden for one year after the voluntary dismissal without prejudice. We limited our analysis to Oklahoma's savings statute and did not discuss whether the automatic stay tolled the statute of limitations applicable to Mr. Eastom's claim against Mr. McFadden. *Id*. at 595-97.

Since Mr. Eastom's first appeal, there has been no new activity in the case before the district court. Mr. Eastom has simply waited for time to pass, and he filed this second appeal after one year had elapsed from when he voluntarily dismissed his claim against Mr. McFadden. He has not demonstrated the stay has been lifted, and the bankruptcy court's docket reveals no activity since his prior appeal. *See In re McFadden*, Ch. 7 Case No. 12-50013-rjl7 (Bankr. N.D. Tex. filed Jan. 13, 2012). It therefore appears the § 362 stay still remains in place.

In response to his second appeal, we again ordered Mr. Eastom to show cause why his appeal should not be dismissed for lack of jurisdiction. He contends the district court's order is final as to all parties because his voluntary dismissal is effectively with

---

[3] Before either of Mr. Eastom's appeals, Mr. Eastom and Mr. McFadden stipulated to lifting the § 362 stay as to Mr. Eastom's claim, but Mr. Eastom has not provided us or the district court with a bankruptcy court order lifting the stay.

- 4 -

prejudice now that the extra time provided by Oklahoma's savings statute has elapsed. Appellees subsequently filed a motion to dismiss the appeal for lack of jurisdiction.

## II.  **DISCUSSION**

Whether we have jurisdiction depends on whether Mr. Eastom can refile his claim against Mr. McFadden.  If he can refile the claim, then the district court's summary judgment order is not final and we do not have jurisdiction.  But if Mr. Eastom cannot refile the claim, the district court's order is final and we have jurisdiction.

Whether Mr. Eastom can refile his claim against Mr. McFadden depends on the interplay among three statutes:  (1) the applicable statute of limitations, (2) Oklahoma's savings statute, and (3) the bankruptcy stay statute.  In Mr. Eastom's first appeal, we relied exclusively on the savings statute to determine Mr. Eastom could refile his claim against Mr. McFadden.  We again rely on the savings statute to conclude we lack jurisdiction because of the relationship between the savings statute and the bankruptcy stay.

Under 28 U.S.C. § 1291, we have jurisdiction to review "all final decisions of the district courts of the United States."  "A decision is 'final when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *United States v. Copar Pumice Co., Inc.*, 714 F.3d 1197, 1204 (10th Cir. 2013) (quoting *In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d 470, 481 (10th Cir. 2011)).  "The critical determination as to whether an order is final is whether plaintiff has been effectively excluded from federal court under the present

circumstances." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) (quoting *Facteau v. Sullivan*, 843 F.2d 1318, 1319 (10th Cir. 1988)).

"Our general rule is that a party cannot obtain appellate jurisdiction where the district court has dismissed at least one claim without prejudice because the case has not been fully disposed of in the lower court." *Jackson v. Volvo Trucks N. Am., Inc.*, 462 F.3d 1234, 1238 (10th Cir. 2006). Similarly, "[p]arties may not confer appellate jurisdiction upon us by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed." *Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998); *see also Cook v. Rocky Mtn. Bank Note Co.*, 974 F.2d 147, 148 (10th Cir. 1992).

Mr. Eastom argues the district court's summary judgment has ripened into a final judgment because the time allowed by the savings statute has expired for his claim against Mr. McFadden, meaning the claim is now effectively dismissed with prejudice. He is wrong because the bankruptcy stay continues to toll the running of the statute.

Oklahoma's savings statute provides,

> If any action is commenced within due time, and . . . the plaintiff fail[s] in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the . . . failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12, § 100. In *Brown v. Hartshorne Public School District No. 1*, 926 F.2d 959, 962 (10th Cir. 1991), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002), we held the Oklahoma savings statute applies to § 1983 claims. *Accord Williams v. City of Guthrie*, 109 F. App'x 283, 286

(10th Cir. 2004) (unpublished) (cited for persuasive value, *see* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A)).

In *Don Huddleston Construction Co. v. United Bank & Trust Co.*, 933 P.2d 944 (Okla. Civ. App. 1996), the Court of Civil Appeals of Oklahoma interpreted the interplay between an automatic stay under 11 U.S.C. § 362 and Oklahoma's savings statute. The court interpreted Oklahoma law as follows: "[W]henever a person is prevented from exercising his legal remedy by some paramount authority, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right." *Id.* at 947. Because the automatic stay imposed by § 362 prevents plaintiffs from exercising legal remedies against a debtor, the court held "Oklahoma law prevents the running of the period set forth in § 100"—the savings statute—while the automatic stay is in place. *Id.* at 947-48. "The refiling period thus [does] not begin to run against [Mr. Eastom] until the restraint of the bankruptcy stay [has] lifted with the dismissal of the bankruptcy case." *Id.* at 948.

Mr. Eastom's claim against Mr. McFadden is not time-barred because the stay is still in place, and Oklahoma law tolls the savings statute until the § 362 automatic stay is lifted. The district court's summary judgment order therefore remains non-final. We still lack jurisdiction.[4]

---

[4] We need not examine the interplay between the bankruptcy stay and Oklahoma's two-year statute of limitations for § 1983 claims. But we note this is a potential alternative basis for our lack of jurisdiction. To calculate the statute of limitations applicable to a § 1983 claim, including any tolling rules, we generally look to state law. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). The statute of limitations for Mr. Eastom's claim against Mr. McFadden is based on Oklahoma law, which provides for a two-year

III.  **CONCLUSION**

We grant the Appellees' motion to dismiss Mr. Eastom's appeal.  Without a final judgment, we lack jurisdiction.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

statute of limitations.  *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999).  Although *Don Huddleston*'s holding involved the tolling of Oklahoma's savings statute, the reasoning of that case indicates the bankruptcy stay also would toll the statute of limitations.

Additionally, 11 U.S.C. § 108(c) provides a minimum 30-day extension of the statute of limitations once the bankruptcy stay is lifted.  11 U.S.C. § 108(c) ("[If] an order entered in a nonbankruptcy proceeding . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period [had] not expired before the date of the filing of the petition, then such period does not expire until the later of . . . (1) the end of such period, including any suspension of such period . . . or (2) 30 days after the notice of the termination or expiration of the stay . . . with respect to such claim.").