**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 25, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

---

KRISTINA CONSULTING GROUP,
LLC, a Colorado limited liability company;
KRISTINA HOGAN,

    Plaintiffs - Appellants,

v.

DEBT PAY GATEWAY, INC.,
a California corporation,

    Defendant - Appellee,

and

DECISION ONE DEBT RELIEF, LLC,
an Oklahoma limited liability company; D1
SERVICING GROUP, LLC, a New York
limited liability company; ESSENTIAL
STRATEGIC PARTNERS GROUP, INC.,
a New York corporation; SECURE
ACCOUNT SERVICE LLC, an Arizona
limited liability company; VERITAS
LEGAL PLAN, INC., a Florida
corporation,

    Defendants.

No. 21-5022
(D.C. No. 4:19-CV-00437-JFH-JFJ)
(N.D. Okla.)

---

### ORDER AND JUDGMENT[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It

_____

Before **MATHESON**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

_____

Kristina Consulting Group, LLC., and Kristina Hogan (collectively, "KCG")

appeal the district court's order dismissing appellee Debt Pay Gateway, Inc. ("DPG").

We dismiss the appeal for lack of jurisdiction.

## I.  BACKGROUND

KCG asserted state-law claims against six defendants in Oklahoma state court.

After KCG settled with Secure Account Service, LLC, another defendant, Veritas Legal

Plan, Inc., removed the case to federal court.  Upon removal, the district court dismissed

DPG for lack of personal jurisdiction.  KCG then voluntarily dismissed Veritas with

prejudice under a settlement agreement and eventually sought to appeal DPG's dismissal.

To facilitate an appeal, KCG moved the district court to certify the order

dismissing DPG as final decision under Fed. R. Civ. P. 54(b).[1]  KCG also

contemporaneously dismissed without prejudice defendants Decision One Debt Relief,

LLC; D1 Servicing Group, LLC; and Essential Strategic Partners Group, Inc.  The district

court did not rule on the Rule 54(b) motion.  KCG filed its notice of appeal anyway ten

_____

may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

[1] Fed. R. Civ. P. 54(b) states:  "When an action presents more than one claim
for relief . . . the court may direct entry of a final judgment as to one or more, but
fewer than all, claims or parties only if the court expressly determines that there is no
just reason for delay."

2

months after the dismissal of DPG and five months after KCG voluntarily dismissed the remaining defendants.

Before briefing, we directed KCG to obtain a Rule 54(b) certification or a final judgment, noting that a party generally may not manufacture finality by voluntarily dismissing claims without prejudice.  KCG returned to the district court and sought an emergency Rule 54(b) certification.  In response, the district court purported to enter a separate judgment, stating that (1) DPG was dismissed, (2) KCG voluntarily dismissed its claims against all remaining defendants, and (3) the judgment was the final disposition of the case.  The parties proceeded to brief the merits of this appeal.[2]

## II.  DISCUSSION

Before we may address the merits, we must first evaluate our jurisdiction.  *See Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 992 (10th Cir. 2021).  In particular, we must assess the finality of the order dismissing DPG in light of KCG's voluntary dismissals of other defendants without prejudice.

### A.  *Finality and Manufactured Jurisdiction*

"Under 28 U.S.C. § 1291, we have jurisdiction to review all final decisions of the district courts of the United States.  A decision is final when it ends the litigation on the

---

[2] In district court, on September 22, 2020, KCG moved for entry of default against Decision One under Fed. R. Civ. P. 55(a), and the clerk did so the next day. But on October 8, 2020, KCG "dismiss[ed] without prejudice their claims against" Decision One.  Aplt. App. at 218.  KCG did not request or apply for entry of default judgment against Decision One under Fed. R. Civ. P. 55(b), and the district court did not enter one.  The court's separate judgment on April 6, 2021, referred to its order dismissing DPG and "not[ed] that Plaintiff has voluntarily dismissed its claims against all remaining Defendants."  Aplt. App. at 227.

3

merits and leaves nothing for the court to do but execute the judgment." *Eastom v. City of Tulsa*, 783 F.3d 1181, 1184 (10th Cir. 2015) (internal quotation marks omitted).

Generally, a party may not "manufacture finality by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed." *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv. II, LLC*, 887 F.3d 1003, 1015 (10th Cir. 2018). For example, in *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 147-48 (10th Cir. 1992), the plaintiff dismissed without prejudice two of her claims so she could appeal the district court's dismissal of a third claim with prejudice, despite the district court's denial of her Rule 54(b) motion. We dismissed the appeal, reasoning that "[a] plaintiff cannot be allowed to undermine the requirements of Rule 54(b) by seeking [voluntary] dismissal of her remaining claims and then appealing the claim that was dismissed with prejudice." *Id.* at 148; *see also Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998) (per curiam) ("Parties may not confer appellate jurisdiction upon us by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed.").

There are exceptions to this rule. A decision may be final when

- A claim dismissed without prejudice was predicated on a claim that was dismissed with prejudice. *See Jackson v. Volvo Trucks N. Am., Inc.*, 462 F.3d 1234, 1238 (10th Cir. 2006) (holding that state civil conspiracy claim dismissed without prejudice was final and appealable because the underlying predicate tort claims were dismissed with prejudice).

- The statute of limitations has run on claims dismissed without prejudice. *See Bragg v. Reed*, 592 F.2d 1136, 1138 (10th Cir. 1979); *cf. Eastom*, 783 F.3d at 1183-85 (holding that dismissal was not final where the statute of limitations had not run on the last remaining claim voluntarily dismissed without prejudice).

4

- Claims remain against unserved defendants. In *Bristol v. Fibreboard Corp.*, 789 F.2d 846 (10th Cir. 1986) (per curiam), we held that unresolved claims against two unserved defendants did not "prevent" the finality of a prior decision, but failure to enter judgment on a third defendant who was served did prevent the prior decision from being final. *Id.* at 847-48. But in *Adams v. C3 Pipeline Construction Inc.*, 17 F.4th 40 (10th Cir. 2021), we explained that "the district court's expectation of further proceedings against unserved defendants means its dismissal of served defendants is not final." *Id.* at 55 n.4.

## B.  *Application*

Here, KCG settled with Secure Account Service and Veritas, and the district court dismissed DPG for lack of personal jurisdiction.  KCG sought to appeal DPG's dismissal. It voluntarily dismissed without prejudice its claims against remaining defendants Decision One Debt Relief, D1 Servicing, and Essential Strategic Partners under Fed. R. Civ. P. 41(a)(1)(A)(i).[3]  Under Rule 41(a)(1)(A)(i), a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."[4]  None of the remaining defendants

---

[3] KCG's notices of dismissal appear to contain typos because they reference "Fed. R. Civ. P. 41(a)(a)(1)."  Aplt. App. at 218, 220; *see* Fed. R. Civ. P. 41(a); *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1241 (10th Cir. 2009) (noting Rule 41(a)(1)(i) was "restyled in 2007 as Rule 41(a)(1)(A)(i)").

[4] Although Rule 41(a)(1)(A) refers to dismissal of the "action," the rule permits the dismissal of fewer than all parties so long as all claims against a particular party are dismissed.  *See Piperliners Local Union No. 798 v. Ellerd*, 503 F.2d 1193, 1199 (10th Cir. 1974) (recognizing that plaintiffs could voluntarily dismiss all of their claims against defendants by stipulation under Rule 41(a), leaving the district court with jurisdiction only over counterclaim); 8 Moore's Federal Practice ¶ 41.21[3][a] (2021) ("A voluntary dismissal may be taken against fewer than all defendants, as long as all claims are dismissed as against each one affected. The term *action* has not been construed so broadly as to encompass the entire controversy against all parties pending before the district court, but includes only the entirety of claims against any single defendant." (citations and footnotes omitted)).

had filed an answer or a motion for summary judgment.  Neither D1 Servicing nor

Essential Strategic Partners had been served nor did the district court expect further

proceedings against them.  Their dismissal without prejudice likely has no impact on the

finality of the DPG dismissal order.  *See Bristol*, 789 F.2d at 847-48; *Adams*, 17 F.4th at

55 & n.4.  But because Decision One was served, we must determine whether KCG's

voluntary dismissal of Decision One without prejudice renders the DPG dismissal order a

final decision.  We conclude it does not.

We confronted similar circumstances in *Eastom*.  There, the plaintiff sued three

defendants.  One of them, Mr. McFadden, declared bankruptcy, which automatically

stayed the claim against him.  783 F.3d at 1182.  After the district court granted summary

judgment for the two other defendants and declined to exercise supplemental jurisdiction

over state-law claims, the plaintiff appealed the summary judgment order.  *See id.* at

1183.  But because the claim against Mr. McFadden continued to be stayed, we directed

the plaintiff to show cause why the appeal should not be dismissed for lack of jurisdiction

absent entry of final judgment as to all parties.  *Id.*  The plaintiff returned to the district

court and voluntarily dismissed the claim against Mr. McFadden without prejudice.  *Id.*

The plaintiff then responded to our show-cause order, arguing that his voluntary

dismissal made the summary judgment order a final decision because his claim against

---

Our decision in *Gobbo Farms & Orchards v. Poole Chemical Co.*, 81 F.3d 122, 123
(10th Cir. 1996), is not to the contrary.  There, we rejected use of Rule 41(a) to
dismiss fewer than all claims in the action, but all of the claims were asserted against
only one defendant.  *See id.*

Mr. McFadden was time-barred. *Id.* We dismissed the appeal, ruling that Oklahoma's savings statute, Okla. Stat. tit. 12, § 100, provided an additional year for the plaintiff to reassert his claim. *See* 783 F.3d at 1183. The plaintiff then waited one year from the time of his voluntary dismissal and then filed a second appeal. *Id.* We again dismissed because the bankruptcy stay continued to toll the statute of limitations on the claim against Mr. McFadden. *See id.* at 1184.

Under *Eastom*, this appeal must be dismissed if KCG could reassert any of its claims against Decision One. One of KCG's claims alleged that Decision One breached its fiduciary duties arising out of a limited power of attorney that KCG granted to Decision One in executing a "Business Debt Resolution Agreement." Aplt. App. at 31, para. 104. It is unclear whether this claim was premised upon (1) the express written terms of the power of attorney and the agreement or (2) on implied fiduciary duties arising out of the power of attorney and the agreement. But in either case, the statute of limitations is five years. *See* Okla. Stat. tit. 12, § 95(A)(1) (providing five-year limitations period for claims based on a written contract, agreement, or promise); *id.* § 95(A)(12) (providing five-year catchall limitations period for claims "not hereinbefore provided for"); *Belcher v. Kaye*, 222 F.2d 216, 220 (10th Cir. 1955) (applying Oklahoma's five-year catchall provision to a claim for breach of fiduciary relationship arising out of a partnership agreement).

KCG alleged that (1) Decision One first contacted it in May 2017, *see* Aplt. App. at 19, para. 40; (2) it executed the power of attorney and the agreement on June 28, 2017, *id.* at 31, para. 104; and (3) it cancelled its enrollment in Decision One's program in

7

November 2018, *id.* at 28, para. 86. Given the time of these events, the five-year limitations period has not expired, and KCG could still reassert this claim. The DPG dismissal order thus is not a final decision.

The district court purported to enter final judgment under Fed. R. Civ. P. 58. But the court's designation of an order is not dispositive on the issue of finality. Indeed, absent a Rule 54(b) certification, "*any order or other decision, however designated*, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties[,] does not end the action as to any of the claims or parties." Fed. R. Civ. P. 54(b) (emphasis added). We recognized as much in *Heimann*, where, despite the district court's statement that the matter was "final and immediately appealable," we concluded there was no final decision because the district court had not issued a decision on the merits of counterclaims dismissed without prejudice. 133 F.3d at 768-79; *see also Moya v. Schollenbarger*, 465 F.3d 444, 450 n.7 (10th Cir. 2006) ("We reemphasize that bare terminology in a district court order is not determinative [of the finality of a decision]."); *Tri County Tel. Ass'n v. Campbell*, 2021 WL 4447909, at *10-11 (10th Cir. 2021) (unpublished) (reaching a similar conclusion under the same analysis where the district court stated "it had resolved all claims in th[e] case, and the case shall remain closed" (brackets and internal quotation marks omitted)).[5] Here, therefore, the district court's order purporting to enter final judgment did not render the DPG dismissal order a final, appealable decision.

---

[5] We may cite unpublished decisions for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

## III. **CONCLUSION**

We dismiss this appeal for lack of jurisdiction.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge